[No. 4416.    Decided January 5, 1903.]

JOHN I. CRESSWELL et ux., Appellants, v. SPOKANE COUNTY, Respondent.

LIMITATIONS — COMMENCEMENT OF ACTION.

The service of summons and copy of the complaint before the bar of the statute of limitations intervenes, and the filing of the complaint subsequent to the initiation of the bar, is not the commencement of action sufficient to stop the running of the statute of limitations, within the meaning of Bal. Code, § 4807, which provides that, so far as the statute of limitations is concerned, an action shall be deemed commenced when the complaint is filed.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

Shine & Winfree, for appellants.

Horace Kimball and Miles Poindexter, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This case presents the question of whether the service of summons, together with a copy of the complaint, is a sufficient commencement of an action to stop the running of the statute of limitations. It was raised by respondent's demurrer to the appellant's amended complaint. The court held that, although the summons was served within the time limited by statute for commencing

this class of actions, yet, as the complaint was not filed in the clerk's office within such time, the action was barred. Appellants refusing to plead further, respondent took judgment of dismissal, from which judgment this appeal is taken.

It is admitted that the action was not barred at the time the summons and a copy of the complaint were served, and it is conceded that, if that service is such a commencement of an action as will stop the running of the statute of limitations, the demurrer should not have been sustained. The appellants review the statute in relation to the commencement of actions from the passage of the first law in 1854 up to the last enactment, and insist that a harmonious construction of all the acts warrants the conclusion that an action is commenced for all purposes by the service of the summons. We are unable to adopt this view, but are inclined to think that a history of the enactments rather tends to show the independent character of § 4807, Bal. Code, which provides that, so far as the statute of limitations is concerned, an action shall be deemed commenced when the complaint is filed. Under the first enactment, it is provided that actions shall be commenced by filing a complaint and issuing a summons thereon, and there was no qualification in any respect. In 1863 the law was changed, and it was provided that civil actions should be commenced by service of copies of the complaint. Nor was there any qualification or limitation to this act, but, like its predecessor, it provided for the commencement of actions for all purposes. In 1869 the same provision in relation to the commencement of actions, viz., by service of copy of the complaint and notice, was enacted, with the provision, "An action shall be deemed commenced as to each defendant when the complaint is served on him." The next enactment in point provided that an action should

be commenced by filing a complaint and issuing summons thereon, and provided also that, for the purposes of the statute of limitations, an action shall be deemed commenced when the complaint is filed. This provision has remained in the law ever since, although the manner of commencement of actions has been changed; showing, it seems to us, that the intention of the law is that, no matter how or when actions may be commenced for other purposes, for the purpose of escaping the statute of limitations the complaint must be filed within the time prescribed. The provision is in the statute of limitations itself, and the language is plain and unequivocal, and, it seems to us, not susceptible of construction. The action not having been commenced in time, the demurrer to the complaint was properly sustained.

Judgment affirmed.

REAVIS, C. J., and FULLERTON, MOUNT and ANDERS, JJ., concur.