[No. 7751.   Decided February 9, 1909.]

J. L. BLALOCK, *Appellant*, v. H. C. CONDON *et al.*,
*Respondents.*[1]

PLEADING—DEMURRER — RENEWAL AFTER ANSWER — DISCRETION. After overruling a demurrer to a complaint, and answer over by the defendants, it is discretionary to permit a renewal of the demurrer.

LIMITATION OF ACTIONS—TIME WHEN ACTION IS COMMENCED— STATUTES—CONSTRUCTION.   Under Bal. Code, § 4807, which provides that the statute of limitations shall apply to actions brought by the state and municipalities, and that an action shall be deemed commenced when the complaint is filed, actions brought by private parties are not deemed commenced until the complaint is filed.

STATUTES—SUBJECTS AND TITLES—AMENDMENTS—LIMITATION OF ACTIONS.   Laws 1903, p. 26, being an act relating to limitations in actions brought by the state and municipalities amending Bal. Code, § 4807, is not broad enough to embrace the provision of § 4807 that an action shall be deemed commenced when the complaint is filed.

[1]Reported in 99 Pac. 733.

SAME. The title of an amendatory act referring to the act amended merely by its number is not sufficient.

SAME—REPEALS—IMPLIED REPEALS—LIMITATION OF ACTIONS. Laws 1903, p. 26, entitled an act relating to limitations in actions brought by the state and municipalities, amending Bal. Code, § 4807, without reference to a repeal of other statutes, and containing no repealing clause, does not repeal by implication that part of § 4807 which provides that an action is deemed commenced when the complaint is filed.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 22, 1908, in favor of the defendants, upon sustaining a demurrer to the complaint, dismissing an action on a promissory note. Affirmed.

*John L. Rockwell, Caldwell & Riddell*, and *James E. Burdett*, for appellant.

*Higgins, Hall & Halverstadt*, for respondents.

RUDKIN, C. J.—This action was instituted to recover the balance due on a promissory note for the sum of $3,304.31, bearing date July 23, 1897, and payable on demand. The complaint alleged the execution and delivery of the note by the defendants, that the sum of $800 had been paid thereon on the 5th day of September, 1901, and that no other or further payments had been made. The action was commenced by personal service of summons and complaint on the 3d day of September, 1907, but the complaint was not filed in the office of the clerk of the superior court until the 11th day of November, 1907. The defendants appeared and demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action, and on the further ground that the action was not commenced within the time limited by law. The demurrer was overruled, and the defendants answered over. Afterwards the court permitted the defendants to renew their demurrer, and upon further argument the demurrer was sustained on the second ground specified. The plaintiff refused to plead further, and

judgment of dismissal was entered from which this appeal is prosecuted.

In support of his appeal, the appellant contends that the court erred in permitting the respondents to renew their demurrer after answer, and in sustaining the demurrer and dismissing the action. The court clearly acted within its discretion in permitting a renewal of the demurrer after answer. *Roche v. Spokane County*, 22 Wash. 121, 60 Pac. 59; *McClaine v. Fairchild*, 23 Wash. 758, 63 Pac. 517; *Thomas v. Price*, 33 Wash. 459, 74 Pac. 563, 99 Am. St. 961.

If the action was not commenced within the purview of the statute of limitations until the complaint was filed, the demurrer was properly sustained, as more than six years had elapsed between the date of the maturity of the note and the last payment and the date of filing the complaint. If, on the other hand, the action was commenced by the service of summons and complaint, the demurrer should have been overruled, as the respondents were served within six years from the date of the last payment as averred in the complaint.

Bal. Code, § 4807 (P. C. § 291), provides as follows:

"The limitations prescribed in this chapter shall apply to actions brought in the name of the state, or any county or other public corporation therein, or for its benefit, in the same manner as to actions by private parties. An action shall be deemed commenced when the complaint is filed."

This court has uniformly held that the last clause of this section applies to actions by private parties as well as to actions by the state or its municipal subdivisions, and that an action is not deemed commenced so as to toll the statute of limitations until the complaint is filed, though it may be deemed commenced for other purposes by the service of summons and complaint. *Cresswell v. Spokane County*, 30 Wash. 620, 71 Pac. 195; *Bay View Brewing Co. v. Grubb*, 31 Wash. 34, 71 Pac. 553; *Service v. McMahon*, 42 Wash. 452, 85 Pac. 33.

Section 4807, *supra*, was amended at the legislative session

of 1903, Laws 1903, p. 26.   The title and body of the amendatory act are as follows:

"An act relating to the defense of the statute of limitations in actions brought by or for the benefit of the state or any of its municipalities, amending section 35 of the Code of Civil Procedure of Washington, of 1881, the same being section 4807 of Ballinger's Annotated Codes and Statutes of Washington, and declaring an emergency.

"Section 1.   Section 35 of the Code of Civil Procedure of Washington, 1881, the same being section 4807 of Ballinger's Annotated Codes and Statutes of Washington, shall be amended to read as follows:   Section 35 (section 4807).   The limitations prescribed in this act (chapter) shall apply to actions brought in the name or for the benefit of any county or other municipality or *quasi* municipality of the state, in the same manner as to actions brought by private parties: *Provided,* That there shall be no limitation to actions brought in the name or for the benefit of the state, and no claim of right predicated upon the lapse of time shall ever be asserted against the state:   *And further provided,* That no previously existing statute of limitation shall be interposed as a defense to any action brought in the name of or for the benefit of the state, although such statute may have run and become fully operative as a defense prior to the adoption of this act, nor shall any cause of action against the state be predicated upon such a statute.   An action shall be deemed commenced when the complaint is filed."

The appellant contends that the last clause of § 1 of the amendatory act can have no application to actions by private parties for the reason that the title of the act is not broad or comprehensive enough to embrace that subject.   In our opinion this contention must be sustained.   Bal. Code, § 4807, as construed by this court embraces two separate and distinct subjects.   First, a provision that the statute of limitations shall run against the state and its municipal subdivisions; and second, a provision that an action shall be deemed commenced when the complaint is filed, whether the action be instituted by the state or by private parties.   The title of the

amendatory act is broad enough to embrace the first òf these subjects, but not the second. The first part of the title, viz., "An act relating to the defense of the statute of limitations in actions brought by or for the benefit of the state or any of its municipalities," is clearly too narrow and restricted to admit of affirmative legislation fixing the time when an action by private · parties shall be deemed commenced. The remainder of the title; namely, "amending section 35 of the Code of Civil Procedure of Washington, of 1881, the same being section 4807 of Ballinger's Annotated Codes and Statutes of Washington, and declaring an emergency," is not of itself a sufficient title to an amendatory act. *State ex rel. Seattle Elec. Co. v. Superior Court,* 28 Wash. 317, 68 Pac. 957, 92 Am. St. 831, and cases cited.

We are, therefore, of opinion that the act of 1903 does not fix the time when an action instituted by a private party shall be deemed commenced. But it does not follow from this that we have no statute on that subject other than · the practice act of 1893, which provides that civil actions shall be commenced by the service of summons and complaint. If the title to the amendatory act of 1903 is not broad enough to embrace a provision amending § 4807, *supra,* in so far as that section relates to the commencement of actions by private parties, the title is not broad enough to authorize a repeal of so much of § 4807 as relates to that subject. In other words, the title of the act of 1903 makes no reference to a repeal of other statutes, the body of the act contains no repealing clause, and an act relating to the defense of the statute of limitations in actions brought by or for the benefit of the state or any of its municipalities, cannot repeal by implication an act which fixes the time when actions by private parties shall be deemed commenced. If, therefore, the time when an action instituted by private parties shall be deemed commenced, within the meaning of the statute of limitations, is not fixed by the amendatory act of 1903, the provision · of § 4807 fixing such time is still in full force and effect.

The demurrer was properly sustained, and the judgment is affirmed.

GOSE, FULLERTON, CHADWICK, MOUNT, CROW, and DUNBAR, JJ., concur.