[No. 9381. Department One. August 23, 1911.]

C. R. PETREE *et al.*, *Appellants*, v. WASHINGTON WATER POWER COMPANY, *Respondent*.[1]

LIMITATION OF ACTIONS — COMMENCEMENT OF ACTIONS — FILING COMPLAINT. An action is barred by the statute of limitations, where the complaint was duly served but was not filed, so as to commence the action within the time limited, under Rem. & Bal. Code, § 167, providing that the action is not commenced so as to toll the statute, until the complaint is filed.

LIMITATION OF ACTIONS—PLEADING—SUPPLEMENTAL PLEADINGS— DEMURRER AFTER ANSWER. Under Rem. & Bal. Code, § 308, authorizing supplemental pleadings to show facts occurring after issue joined, it is proper to allow defendant to withdraw an answer and demur on the ground that the complaint was not filed within time to toll the statute of limitations, where the objection was not available at the time the issue was made up.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered April 16, 1910, upon sustaining a demurrer to the complaint, dismissing an action for personal injuries. Affirmed.

*H. N. Martin, H. P. Knight, Poindexter & Moore*, and *Richard G. Hutchinson*, for appellants.

*L. F. Chester* and *Post, Avery & Higgins*, for respondent.

[1]Reported in 117 Pac. 475.

MOUNT, J.—The lower court sustained a demurrer to the complaint in this action, upon the ground that the action was barred by lapse of time under the statute, and dismissed the action. Plaintiffs have appealed.

The action was for personal injuries which the plaintiff Emma Petree received on December 10, 1906. The summons and complaint were served upon defendant on September 9, 1909. The complaint was not filed until April 7, 1910. After service of the summons and complaint but before the complaint was filed, the defendant appeared and demurred generally to the complaint, and moved for and obtained an order for the physical examination of the said plaintiff, and when the demurrer was overruled, served its answer to the complaint. The issues were finally made up. The question of the statute of limitations had not been raised. When the cause was called for trial, it was discovered that the complaint had not been filed until after the three-year statute of limitations had run. The court thereupon permitted the defendant to withdraw its answer, and to file a demurrer upon the ground that the action was barred. This court has held that, under our statute, Bal. Code, § 4807 (Rem. & Bal. Code, § 167):

"An action is not deemed commenced so as to toll the statute of limitations until the complaint is filed, though it may be deemed commenced for other purposes by the service of summons and complaint." *Blalock v. Condon,* 51 Wash. 604, 99 Pac. 733.

The action was clearly barred under the rule there stated.

The appellants argue that the court erred in allowing defendant to withdraw its answer and file a demurrer after the cause was called for trial. At the time the issues were made up, the plaintiffs' complaint had not been filed. The defendant did not know that the plaintiffs would not file the complaint in time. It assumed, of course, that the plaintiffs would prosecute the action diligently. Plaintiffs did not do so. Yet after the issues were made up and after the statute had run,

the complaint was filed. This fact did not appear when the first demurrer was passed upon, or when the first answer was filed. The statute provides at § 308, Rem. & Bal. Code, that the court may allow supplemental pleadings showing facts which occurred after the former pleadings were filed. The court was authorized under this section to permit either the demurrer or special plea to be filed. In *Blalock v. Condon, supra,* we said: "The court clearly acted within its discretion in permitting a renewal of the demurrer after answer."

The judgment is affirmed.

DUNBAR, C. J., FULLERTON, and GOSE, JJ., concur.