[No. 9636. Department One. December 20, 1911.]

FARMERS & MERCHANTS BANK OF WENATCHEE, *Appellant*, v.
JOHN C. LILLY, *Administrator etc., Respondent.*[1]

EXECUTORS AND ADMINISTRATORS—ACTIONS—LIMITATIONS — REJEC
TION OF CLAIM. An action not being commenced so as to toll the
statute of limitations until the complaint is filed, an action upon a
claim against an estate which was rejected January 2, is not commenced within three months thereafter, as required by Rem. & Bal.
Code, § 1477, when the complaint was not filed until April 6, following.

SAME—DATE OF REJECTION—NOTICE. Where a claim against an
estate was rejected January 2, because not filed within one year, and
on solicitation of the claimant seeking a reconsideration, the administrator took the matter up with his attorneys, and wrote on January 20th that the attorneys' "position is the same as mine—that I
cannot allow the claim," the claimant was not misled or prejudiced
in bringing an action within three months from the rejection of the
claim, which dates from January 2, and not January 20.

Appeal from a judgment of the superior court for Chelan
county, Yakey, J., entered November 17, 1910, upon findings in favor of the defendant, in an action upon a claim
against an estate, after a trial before the court without a
jury. Affirmed.

*Austin E. Griffiths* and *Ludington & Kemp*, for appellant.
*Peters & Powell*, for respondent.

MOUNT, J.—This action was brought against the administrator of the estate of Jacob M. Tompkins, deceased, upon
a claim against the estate. Two defenses were interposed:
(1) that the claim was not presented within one year after
notice to creditors; and (2) that the action was not brought
within three months after the claim was rejected by the administrator. The trial court found in favor of the defendant upon both these grounds, and dismissed the action.
Plaintiff has appealed.

[1]Reported in 119 Pac. 749.

It appears that on December 19, 1906, letters of administration upon the estate of Jacob M. Tompkins, deceased, were issued to John C. Lilly. On December 20, 1906, the administrator caused a notice to creditors to be published, requiring all persons having claims against the estate to present such claims within one year from that date. On April 2, 1907, the plaintiff presented a verified claim, amounting to $6,340.18, to the administrator. About a month later, and before the administrator had taken any action on the claim, Mr. W. A. Thompson, then an officer of the plaintiff bank, called attention to the fact that a mistake had been made in the claim, and that one item thereof was about $40 more than it should be. He thereupon withdrew the claim for the purpose of making the correction. The claim was not returned to the administrator until December 27, 1907, about a week after the expiration of the time for presenting claims against the estate. The administrator thereafter, on January 2, 1908, marked the claim rejected, and returned it to the plaintiff with the information that the claim was rejected because it had not been presented within the year. Plaintiff then endeavored to persuade the administrator that the first presentation of the claim was sufficient, and was informed by the administrator that he would take the question up with his attorneys, which he did; and on January 20, 1908, he wrote to the plaintiff, saying: "Their position is the same as mine—that I cannot allow the claim." Thereafter on April 1, 1908, this action was begun by the service of a summons and complaint, but the complaint was not filed until April 6, 1908, more than three months after the rejection of the claim on January 2.

We shall not consider the question whether the administrator properly or improperly rejected the claim, for our view upon that question becomes of no importance in view of our conclusion upon the question whether the action was barred by lapse of time. It is conceded that the claim was rejected and notice thereof given on January 2, 1908, and

it is also conceded that the complaint was not filed until April 6, 1908. The statute provides, at Rem. & Bal. Code, § 1477:

"When a claim is rejected by either the executor, administrator, or the court, the holder must bring suit in the proper court against the executor or administrator within three months after the rejection, otherwise the claim shall be forever barred."

See, also, § 164. This court has uniformly held "that an action is not deemed commenced so as to toll the statute of limitations until the complaint is filed, though it may be deemed commenced for other purposes by the service of summons and complaint." *Blalock v. Condon,* 51 Wash. 604, 99 Pac. 733, and cases there cited.

Appellant seeks to avoid this position by insisting that the final rejection of the claim was not made until January 20, 1908, because, after the rejection on January 2, the administrator again took the question under consideration; and that plaintiffs were thereby misled. While it is true that the administrator did consider the question further after he had rejected the claim, this was done at the solicitation of the plaintiff, and there is no evidence that the administrator did not act with reasonable promptitude, or that he led the plaintiff to believe that the date of the first rejection should not stand as the date of final rejection. He said in his notification on January 20, that he had taken the claim up with his attorneys, and "they say their position is the same as mine—that I cannot allow the claim." The plaintiff must have understood from this that the rejection of the claim was not changed but was affirmed—nothing more, and that no extension of time was granted or intended. There was still more than two months' time left within which plaintiff might bring its action. This was ample time. If the administrator had delayed a reconsideration of his ruling so that there was not sufficient time within which to bring the action, we would be inclined to hold that plaintiff had

been misled by his conduct.   But we are satisfied that the
delay was wholly the fault of the plaintiff, and that by their
own neglect the time passed.

The judgment is affirmed.

DUNBAR, C. J., PARKER, FULLERTON, and GOSE, JJ., con-
cur.