[No. 13689.   Department One.   March 14, 1917.]

GEORGE A. MURKER, *Appellant*, v. NORTHERN. PACIFIC
RAILWAY COMPANY, *Respondent*.[1]

MASTER AND SERVANT—FEDERAL EMPLOYERS' LIABILITY — LIMITA-
TIONS—WHAT LAW GOVERNS.   Under U. S. Rev. Stats., § 721, provid-
ing that matters respecting procedure shall be governed by the laws
of the jurisdiction in which the action is brought, and section 6 of
the employers' liability act (35 Stat. 66; 4 Comp. St., § 8662), bar-
ring all actions under the act not commenced within two years
after the cause of action arose, whether an action in the state courts
was commenced by the service of a summons and complaint without
filing the complaint must be determined by the laws of this state.

LIMITATION OF ACTIONS—COMMENCEMENT OF ACTIONS—FILING COM-
PLAINT—STATUTES.   Under Rem. Code, § 167, providing in effect that
"an action shall be deemed commenced when the complaint is filed,"
an action is not commenced so as to toll the statute of limitations
until the complaint is filed, notwithstanding that, for some purposes,
it is deemed commenced at the time of the service of the summons
and complaint.

Appeal from a judgment of the superior court for King
county, Smith, J., entered June 17, 1916, upon sustaining a
demurrer to the complaint, dismissing an action for personal
injuries sustained by a railway employee.   Affirmed.

*G. C. Israel*, for appellant.

*C. H. Winders*, for respondent.

MORRIS, J.—The lower court sustained a demurrer to the
amended complaint upon the ground that the action was not
commenced within the time limited by law.   Plaintiff electing
to stand upon this complaint and refusing to plead further,
the action was dismissed and he appealed.   The cause of
action pleaded was for personal injuries alleged to have been
sustained while appellant, an employee of respondent, was
engaged in interstate commerce under the Federal employers'
liability act.   The cause of action accrued June 4, 1912.
Service was had upon respondent April 20, 1914.   The com-

[1]Reported in 163 Pac. 756.

plaint, however, was not filed in the clerk's office until June 17, 1914, more than two years after the cause of action arose. Section 6 of the Federal act [35 Stat. 66; 4 Comp. St., § 8662] bars all right of action thereunder unless action be commenced within two years from the time the cause of action accrued. This limitation applies to state as well as to Federal courts. *Winfree v. Northern Pac. R. Co.*, 227 U. S 296; *Central Vermont R. Co. v. White*, 238 U. S. 507. Section 721, U. S. Rev. Stat., provides, in substance, that all matters respecting procedure and remedies in actions arising under Federal acts shall be governed by the laws of the jurisdiction in which the action is brought. Appellant, therefore, having chosen the courts of this state in which to wage his action, is bound by the laws of this state in all matters affecting the procedure and remedy. The question presented then is, when, under the laws of this state, was this action deemed commenced. Rem. Code, § 167, provides in effect that, in determining the bar of any statute of limitation, "an action shall be deemed commenced when the complaint is filed." In construing this statute as affecting the defense of the statute of limitation, the rule is settled in this state that, irrespective of the fact that for some purposes an action is commenced at the time of service, an action is not deemed commenced so as to toll the statute of limitation until the complaint is filed. *Cresswell v. Spokane County*, 30 Wash. 620, 71 Pac. 195; *Bay View Brewing Co. v. Grubb*, 31 Wash. 34, 71 Pac. 553; *Service v. McMahon*, 42 Wash. 452, 85 Pac. 33; *Blalock v. Condon*, 51 Wash. 604, 99 Pac. 733; *Lara v. Sandell*, 52 Wash. 53, 100 Pac. 166; *Petree v. Washington' Water Power Co.*, 64 Wash. 636, 117 Pac. 475.

Appellant admits such to be the rule of this state under the cases cited, but contends that the *Cresswell* case, first announcing this rule, is a wrongful interpretation of the statute as applied to this defense, and invites us to again construe the statute and overrule the cases cited. This rule

is too well established now to become the subject of inquiry. The language of § 167 is plain and unequivocal and affords no room for judicial construction. No good purpose would be served by continuing this discussion further, other than to say the rule announced is salutary in that it affords a precise and definite rule of computation without depending upon the conflicting memory or affidavits of process servers or litigants as to the time or character of service. The record speaks for itself, without recourse to unsatisfactory and ofttimes variant statements. There must come a time when some things must be regarded as settled in the law of this state. The construction of this statute as applied to this defense is one of them, and we decline to pursue the subject further.

The judgment is affirmed.

ELLIS, C. J., CHADWICK, MAIN, and WEBSTER, JJ., concur.