[No. 13775.  Department One.  March 12, 1920.]

WILLIAM McDONALD, *Plaintiff*, v. PROSSER FALLS LAND & POWER COMPANY, *Defendant*.[1]

LIMITATION OF ACTIONS (64)—COMMENCEMENT OF SUIT—FILING OF COMPLAINT. Under Rem. Code, § 167, an action is not deemed commenced so as to toll the statute of limitations until the complaint is filed.

APPEAL (487)—DECISION—MODIFICATION WITHOUT REMAND. Where the jury found separately the amount of damages for different years, the bar of the statute of limitations as to damages that can be segregated will not defeat the balance of the judgment on appeal.

WATERS AND WATER COURSES (101)—IRRIGATION—INSUFFICIENT SUPPLY—DAMAGES—MEASURE. In an action for damages from insufficiency of water supply, evidence of the market value of lost crops within a reasonable time after maturity and during the marketing season, received without objection, is sufficient to sustain a judgment for the loss without proof of the market value on the exact date of the maturity of the crop.

SAME (97, 101)—IRRIGATION—CONTRACT RIGHTS—SUPPLY—DAMAGES—MEASURE—EVIDENCE. Where a water user, having a perpetual right to receive water from an irrigation company which was taken over by the Federal government, voluntarily applied for Federal service and received a water right which was more valuable than his former right, the added amount which he paid to the government therefor is not a measure of his damages for failure of the irrigation company to supply the amount of water contracted for, and evidence thereof does not sustain an action against the company for damages.

Cross-appeals from a judgment of the superior court for Benton county, Holcomb, J., entered October 21, 1914, in favor of the defendant upon one cause of action, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed on plaintiff's appeal; modified on defendant's appeal.

*Thos. H. Wilson* and *Andrew Brown*, for appellant. *Williamson & Luhman*, for defendant.

[1]Reported in 188 Pac. 462.

MAIN, J. — The plaintiff's complaint contains two causes of action separately stated. In the first he seeks to recover damages to his crops for certain years, due to the inadequate supply of water. In the second, he seeks to recover damages because, beginning with the year 1911, he was not supplied with water for irrigation purposes by the defendant. After the issues were framed, the cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff upon both causes of action. The defendant moved for judgment notwithstanding the verdict. The trial court sustained the motion as to the second cause of action, and denied it as to the first. A judgment was entered upon the verdict in favor of the plaintiff upon the first cause of. action; and a judgment of dismissal was entered upon the second cause of action.

The plaintiff appeals from the judgment of dismissal as to the second cause of action, and the defendant appeals from the judgment upon the verdict in the first cause of action. To avoid confusion, the parties will be referred to as the plaintiff and defendant. The record on appeal was first filed in this court on September 19, 1919. The appeal of the defendant will be first considered.

The plaintiff was the owner of approximately sixty-five acres of land in Benton county, which required irrigation to make it productive. The defendant was a corporation which owned and operated an irrigation system by which it supplied the plaintiff and others with water. The plaintiff's right to water from the defendant was what is referred to as a perpetual one, and was evidenced by two written contracts. From the year 1905 to the year 1910, the plaintiff claimed that he did not receive the amount of water which he was entitled to, and that by reason thereof his crops for each of those years was damaged. The jury re-

turned a verdict upon the first cause of action in the sum of $3,774, finding separately the damage for the year 1905 to be $921.50, and for the remainder of the years $2,852.50. As against the damages for the year 1905, the defendant, in its answer, invoked the statute of limitations.

The complaint was filed in the office of the county clerk on July 15, 1912. It had been served, together with the summons, some time prior thereto. This court has repeatedly held that, under Rem. Code, § 167, an action is not deemed commenced so as to toll the statutes of limitations until the complaint is filed, though it may be deemed commenced for other purposes when the summons is served. *Cresswell v. Spokane County,* 30 Wash. 620, 71 Pac. 195; *Lara v. Sandell,* 52 Wash. 53, 100 Pac. 166; *Blalock v. Condon,* 51 Wash. 604, 99 Pac. 733; *Petree v. Washington Water Power Co.,* 64 Wash. 636, 117 Pac. 475; *Murker. v. Northern Pac. R. Co.,* 95 Wash. 280, 163 Pac. 756. Under that rule, the action to recover damages for the year 1905 was not begun in time. Since the jury found separately the amount of damages for that year, the amount thereof can be deducted from the amount of the judgment upon the first cause of action and will not therefore operate to defeat the balance of the judgment.

The defendant objects to the judgment for the other years, claiming that the plaintiff had introduced no evidence as to the market price of the crops alleged to have been lost. The plaintiff sought to measure his recovery by proof of the market value of the crops alleged to have been lost, less the cost of producing, harvesting and marketing. The particular objection urged by the defendant is that the evidence fails to show the market values of the crops for the respective years at the time of maturity. The evidence offered

and received without objection tends to show the value of the crops within a reasonable time after maturity and during the marketing season for that year. The plaintiff was not required to show the market value of the crop at the exact date of its maturity. The evidence having been received without objection, it cannot now be claimed that there is no evidence upon the question sufficient to sustain the verdict and the judgment.

The defendant makes two other objections to the judgment, one of which was that the plaintiff had failed to prove shortage of water. This was a question for the jury to determine, and there being evidence to sustain the verdict, it will not be here disturbed. The other proposition relates to the right of the plaintiff to sue upon the two contracts under which he was supplied with water, but this contention is not meritorious.

Upon the plaintiff's appeal, there is first discussed in his brief a preliminary question; but upon oral argument, if we understood counsel correctly, this point was not insisted upon, and a decision upon the merits was requested. The question upon the merits is whether there was any evidence to sustain the verdict of the jury upon the second cause of action.

On the 24th day of September, 1910, the defendant, the Prosser Falls Land & Power Company, conveyed its irrigation system and water rights to the Federal government, subject to an exception which is not here material. This conveyance was made subject to the approval of the secretary of the interior, which was subsequently given. Prior to this time the Federal government had contracted to take the irrigation system in Yakima county, owned and operated by The Sunnyside Water Users Association, a corporation, the purpose of the government being to supply the contract holders in each system with water from what is

known as the Sunnyside reclamation project, which was then being constructed by the United States pursuant to an act of Congress approved June 17, 1902, generally known as the reclamation act.

On May 16, 1910, the plaintiff had subscribed for certain shares in the Sunnyside Water Users Association, as a first step in going under the Federal project. On March 29, 1912, he applied for a water right under the Sunnyside project, subject to the provisions of the act of Congress above referred to, and agreed to pay therefor the sum of $31 per acre, having been allowed a credit of $21 per acre by reason of the fact that he was a contract holder with the defendant corporation. He thereby secured his water right under the Federal act for $31, when the cost to one not being allowed a credit would have been $52. The right which he received under the Federal reclamation project was more valuable than that which he had under his contract with the defendant. The plaintiff now claims the right to recover the amount which he was required to pay the Federal government, as damages for the failure of the defendant to supply him with water after the year 1910. He relies upon the fact that his water right from the defendant was perpetual. The undisputed facts show that the plaintiff voluntarily applied to the Federal service and received a water right. The fact that it cost him more does not of itself enable him to place that cost upon the defendant. There is no evidence that the water right which he acquired from the government, and which was more valuable than his previous right, was not worth what it cost him. Having received a more valuable right from the government, his measure of damages, in any event, would not be the cost of that right to him. There is no evidence, therefore, to take the question to the jury,

and the motion for judgment notwithstanding the verdict was proper. Whether a public service corporation such as the defendant, supplying water for irrigation, may transfer its entire project to the Federal government and cease to be liable to its water users under their perpetual water right contracts is a question not necessary to decide in this case, and we therefore express no opinion thereon.

Upon the plaintiff's appeal, the judgment will be affirmed. Upon the defendant's appeal, the judgment will be modified as above indicated; that is— there is to be eliminated from the judgment the damages found by the jury for the year 1905. The cause will be remanded to the superior court with directions to make the modification.

FULLERTON, MACKINTOSH, PARKER, and MITCHELL, JJ., concur.

HOLCOMB, C. J., took no part.