[No. 18371. Department One. May 1, 1924.]

CORNELIUS VAN DUYN *et al.*, *Respondents*, v. NELA SMITH VAN DUYN, *as Administratrix of the Estate of Charles A. Van Duyn, Deceased, Appellant.*[1]

WORK AND LABOR (14)—SERVICES—SUPPORT OF CHILDREN—CONTRACT—EVIDENCE—SUFFICIENCY. An agreement to pay $25 a month for the care and support of deceased's children is sufficiently established by evidence of deceased's admission to that effect.

EXECUTORS AND ADMINISTRATORS (149)—ACTIONS—LIMITATIONS—NOTICE OF REJECTION—COMPLETION OF SERVICE—STATUTES. Under Rem. Comp. Stat., § 1482, requiring suit against an estate within thirty days after notification of rejection of the claim, and Id., § 1479, permitting notification by registered mail, notification by mail dates from the time the notice is actually received; Id., §§ 246, 247 relating to service of notices in civil actions having no application.

[1]Reported in 225 Pac. 444; 227 Pac. 321.

TIME (3)—COMPUTATION—NOTICE OF REJECTION OF CLAIM—EX
CLUDING SUNDAY. Under Rem. Comp. Stat., § 1479, requiring suit
against an estate within thirty days after notification of rejection
of the claim, the last day should be excluded when it falls on Sunday; so that, where notice was received July 21, and August 20
fell on Sunday, suit started on August 21, was in time.

### ON REHEARING.

EXECUTORS AND ADMINISTRATORS (149)—ACTIONS—LIMITATIONS—
NOTICE OF REJECTION OF CLAIM—COMPLETION OF SERVICE—STATUTES.
Under Rem. Comp. Stat., § 1482, requiring suit against an estate
within thirty days after notice of rejection of the claim, and Id.,
§ 1479, permitting notice by registered mail, the notification is in no
event complete, so as to start the thirty-day statute running, until
a reasonable time for the transmission and receipt of the notice
has elapsed following the deposit of the notice in the post office.

Appeal from a judgment of the superior court for
Spokane county, Lindsley, J., entered April 3, 1923,
upon findings in favor of the plaintiffs, in an action on
contract, tried to the court. Affirmed.

*James P. Dillard* and *John V. Pearson,* for appellant.

*William S. Lewis,* for respondents.

PARKER, J.—The plaintiffs, Van Duyn and wife, seek
recovery of a claimed balance due them for their care
and support of two children of their deceased son,
Charles A. Van Duyn, for a period of several years
next preceding his death. The action is upon a claim
in that behalf presented to and rejected by Nela Smith
Van Duyn, the widow of the deceased and administratrix of his estate; the children being his children by a
former wife. A trial upon the merits in the superior
court for Spokane county, sitting without a jury, resulted in findings and judgment awarding to the plaintiffs recovery for their care and support of the children
at the rate of $25 per month, less certain payments
made thereon by the deceased during his lifetime.

From this disposition of the case in the superior court, the defendant has appealed to this court.

It is contended in behalf of appellant that the evidence does not support any recovery, in that it fails to show any contract between respondents and their deceased son for compensating them for their care and support of the children. The evidence, we think, leaves little room for contending that the children were not in fact in the care of respondents at their home, being supported by them, continuously during the whole of the period in question. The evidence, we think, also makes it certain that the deceased had an understanding with respondents that he would compensate them for the care and support of the children, and also that he actually did make payments to them from time to time toward such support. On the question of the amount the deceased promised to pay for such support of the children, the evidence may not be quite so conclusive, but we have the testimony of one witness to the fact that deceased admitted to him that he had agreed to pay respondents for the care and support of the children at the rate of $25 per month, and that the children were so left in the care of respondents by him because he conceived it to be more conducive to their welfare than to have them in the home of himself and appellant, their stepmother. Upon the whole record, we are quite convinced that the trial court was fully warranted in concluding that there was a contract between respondents and their deceased son for the care and support of his children, and that he had agreed to pay them for such care and support at the rate of $25 per month. We conclude that we should not disturb the judgment upon the merits.

It is further contended in behalf of appellant that the action is barred because not commenced within

thirty days following the notification of the rejection
of respondents' claim by appellant as administratrix.
Our probate code, prescribing the time within which an
action upon such a claim must be commenced after re-
jection, being § 1482, Rem. Comp. Stat. [P. C. § 9833],
reads as follows:

"When a claim is rejected by either the executor,
administrator, or the court, the holder must bring suit
in the proper court against the executor or administra-
tor within thirty days after notification of the rejec-
tion, otherwise the claim shall be forever barred."

On July 20, 1922, appellant sent by registered mail
to respondents a notice of her rejection of their claim;
the same having been presented to her a short time
prior thereto. They received this notice on the follow-
ing day, July 21st. On Monday, August 21, 1922, the
summons and complaint in this action were filed in the
superior court for Spokane county; they having been
served upon appellant on the Saturday preceding.

When in law were respondents notified of the rejec-
tion of their claim? Section 1479, Rem. Comp. Stat.
[P. C. § 9830], reads in part as follows:

"If the executor or administrator reject the claim in
whole or in part, he shall notify the claimant forthwith
of said rejection and file in the office of the clerk an
affidavit showing such notification and the date there-
of. Such notification shall be by personal service or
registered mail."

Our decision in *State ex rel. Palmer Mountain Tun-
nel & Power Co. v. Superior Court,* 63 Wash. 442, 115
Pac. 845, construing §§ 246, 247, Rem. Comp. Stat.
[P. C. §§ 8455, 8456], relating to the serving of notices
upon parties during the progress of civil actions, after
the court has acquired jurisdiction over such parties in
such actions, may seem to support the view that re-
spondents had "notification of the rejection" of their

claim when appellant deposited the notice by registered mail in the post office; but those sections relate only the manner of service of notices, as we have already observed, upon parties in civil actions during the course of the procedure therein after the court has acquired jurisdiction over such parties; and besides, § 247, relating to service of such notices in civil actions during their pendency, provides that "in such case [service by mail] the time of service shall be double that required in case of personal service." So if these sections are of controlling force in our present inquiry, it would seem that the time for respondents commencing their action would be twice thirty days following their notification by registered mail of the rejection of their claim. But we think those sections do not apply. This notice of rejection is not one given in the course of the proceedings of a civil action. It seems to us that, when the notice of rejection is given to the claimant by registered mail or delivered to him by someone in person, the notification is not complete until actually received by the claimant, since the probate statute is wholly silent upon the question of when the notification is complete. We therefore conclude that July 21st, being the day on which the notice was actually received by respondents, was the day of their notification of the rejection of their claim within the meaning of the statute.

We next inquire, is July 21st, the day the notification was received by respondents, to be excluded in our computation of the prescribed thirty-day period? We ignore, for present purposes, the statutory rule that the first day shall be excluded, as provided by §§ 150, 252, Rem. Comp. Stat. [P. C. §§ 7435, 8461], since it might be argued that those sections refer only to acts to be done in the course of the proceedings in a civil

action. Those sections, however, adopt what we think
is the general rule in the absence of statute. 17 R. C.
L. 754; 26 R. C. L. 741; 25 Cyc. 1290. In this connec-
tion it is to be noted that the action is to be commenced
within thirty days *"after notification* of the rejection."
We italicize the words to be particularly noticed. This
expression, by the overwhelming weight of authority,
excludes the day of the notification. Therefore, we
conclude that the first day to be counted in our com-
putation of the thirty-day period is July 22, 1922, the
day following the receiving of the notification by re-
spondents.

Now the thirtieth day from and including July 22d
would be August 20th, which was Sunday, and this
brings us to the question as to whether or not that day
shall be excluded from our computation because of it
being Sunday. The authorities are not wholly har-
monious in shedding light upon this question. The
general rule is stated in 38 Cyc. 331, as follows:

"Both at common law and by statute, when the last
day of a period in which an act is to be done falls on a
legal holiday, that day is excluded and the act may be
done on the next succeeding day, and where the next
day is a Sunday, performance may be had on the next
secular day."

There are some authorities, however, holding that
this rule does not apply to general statutes of limita-
tion. This, however, is not a general statute of limita-
tion prescribing the period within which the action
may be commenced after its accrual, but is a special
and very short statute of limitation, and manifestly
one under which the court should not contract the pre-
scribed period except as the statute clearly and unmis-
takably compels. As is very pertinently observed in
the text of 17 R. C. L. 754, with reference to the rule
excluding the first day:

"Another conservative principle which should affect
the determination of the question is that the computa-
tion of time should be so made as to protect a right
and prevent a forfeiture, if this can be done without
violating a clear intention or a positive provision."

We conclude that Sunday, August 20th, the thirtieth
day from and including July 22d, should be excluded
from our computation of the thirty-day period. This
plainly results in the action having been timely com-
menced when the complaint was filed on August 21st,
the last day of the thirty-day period so computed. We
have assumed, for argument's sake, that the filing of
the summons and complaint in the superior court, and
not their service on the Saturday preceding, consti-
tuted the commencement of the action. This would no
doubt be a correct assumption were we considering
§ 167, Rem. Comp. Stat. [P. C. § 8174], of our general
statutes of limitation, and our interpretation thereof
in *McDonald v. Prosser Falls L. & P. Co.,* 110 Wash.
175, 188 Pac. 462, and prior decisions therein cited.
·Whether or not such assumption is correct under this
special statute of limitation, it being silent as to what
constitutes the commencement of the action, we need
not now decide.

The judgment of the trial court is affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH,
JJ., concur.

## ON REHEARING.

[*En Banc.* July 7, 1924.]

PER CURIAM.—Considering the petitions for rehear-
ing in this case, we have arrived at the conclusion that
one statement of the law made in the Department
opinion is farther reaching than was necessary in the
disposition of the case, and possibly not wholly sound
as an abstract proposition of law. Referring to the

time of the beginning of the running of the thirty-day limitation, it is there said:

"It seems to us that, when the notice of rejection is given to the claimant by registered mail or delivered to him by someone in person, the notification is not complete until actually received by the claimant, since the probate statute is wholly silent upon the question of when the notification is complete."

For the purpose of disposing of that question as presented in this case we think it is sufficient for us to now say and decide that, when the notice of the rejection of the claim is given to the claimant by registered mail, the notification is in no event complete, so as to start the thirty-day statute running, until a reasonable time for the transmission and receipt of the notice has elapsed following the deposit of the notice in the post office. We therefore conclude that July 21st, being the day on which the notice was actually received by respondents, that being the day following its deposit in the post office, was the day of their notification of the rejection of their claim within the meaning of the statute as applied to this particular case. This restatement of the law applicable to this case does not affect the conclusion reached in the Departmental opinion. We are satisfied with that opinion in all other respects.

The petition for rehearing is therefore denied.