[No. 18485.   Department Two.   December 18, 1924.]

JOHN GOEBEL, *Appellant*, v. AGNES HALL, *as Executrix etc., Respondent.*[1]

EXECUTORS AND ADMINISTRATORS (90)—CLAIMS—ACTION TO ESTAB-
LISH—PLEADING—COMPLAINT—SUFFICIENCY. A complaint upon a cred-
itor's claim stating in usual form the making of the note in suit
by the decedent and the due filing and rejection of the claim, states
a cause of action.

SAME (149, 151)—ACTIONS—LIMITATIONS—NOTICE OF REJECTION
OF CLAIM—COMPLAINT—SUFFICIENCY. Under Rem. Comp. Stat., § 1482,
requiring suit to be commenced upon a claim against an estate
within thirty days after "notification" of rejection of the claim, and
Id., § 259, requiring a demurrer to a complaint to be tested as it
"shall appear upon the face thereof," a complaint is good, as
against demurrer, where it shows that notice of rejection was filed
in the clerk's office but denies that any notice of rejection was given,
although it does not state when plaintiff learned of the rejection.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered November 6, 1923,
upon sustaining a demurrer to the complaint, dismiss-
ing an action to establish a claim against an estate.
Reversed.

*P. C. Kibbe,* for appellant.

*J. P. Wall,* for respondent.

MITCHELL, J.—This is an action on a creditor's claim
against an estate.  To the amended complaint the de-
fendant interposed a demurrer, both general and that
the action had not been commenced within the time
limited by law.

The declarations in the amended complaint are that
the plaintiff exhibited to and served on the executrix
and filed with the clerk of the court his claim consist-
ing of a duly verified statement, setting out a copy of
a promissory note made and delivered by the decedent

[1]Reported in 231 Pac. 6.

to the plaintiff, showing payments endorsed thereon, the last of which was made within six years prior to the commencement of the action, that there was a balance due, and stating in the affidavit that the amount is justly due the claimant, that no payments have been made thereon which are not credited, and that there are no offsets to the same. The amended complaint further alleges that the defendant had filed in the probate cause a paper rejecting the claim. There are further allegations that the decedent made and delivered the note, setting out a full copy of it and stating partial payments made on it corresponding with the contents of the creditor's claim that had been presented to the executrix. It thus appears that the amended complaint is in the usual and proper form in such cases and that it does state facts sufficient to constitute a cause of action.

As to the other ground of the demurrer, it is contended by the respondent that the thirty-days' statute for the bringing of suit on a claim rejected by an executor or administrator applies and that the action is barred. In disposing of the question two things must be kept in mind. First, that the thirty-days' statute, § 1482, Rem. Comp. Stat., by its terms says that the suit must be brought within thirty days "after *notification* of the rejection of the claim;" and second, that a demurrer tests a complaint as it "shall appear upon the face thereof." Rem. Comp. Stat., § 259 [P. C. § 8346.]

While § 1479, Rem. Comp. Stat. [P. C. § 9830], construed in *Van Duyn v. Van Duyn,* 129 Wash. 428, 225 Pac. 444, 227 Pac. 321, provides that notification of the rejection of the claim shall be by personal service or registered mail, and while the amended complaint shows that, in the written rejection of the claim by the executrix filed in the clerk's office, the statement is made by

her that she gave notice of the rejection of the claim by registered mail, still, that statement is denied by an allegation in the amended complaint to the legal effect that no notification was given. Thus while it appears upon the face of the amended complaint that the claim had been rejected, it is denied therein that notification of rejection of the claim was served either personally or by registered mail, and it does not appear therefrom when the appellant learned of the rejection of the claim, or when the thirty days commenced to run, for which reasons the demurrer in this respect should have been overruled.

Reversed, with directions to the lower court to overrule the demurrer in both respects.

PARKER, PEMBERTON, BRIDGES, and FULLERTON, JJ., concur.