[No. 20664. Department One. December 15, 1927.]

BLANCHE D. WHITE, *as Executrix, Appellant,* v. JOSEPH
COLEMAN, *as Executors, etc., et al., Respondents.*[1]

[1] LIMITATION OF ACTIONS (64)—COMMENCEMENT OF SUIT—FILING
OF COMPLAINT. Under Rem. Comp. Stat., § 167, providing that
an action shall be deemed commenced when the complaint is
filed, an action is not commenced so as to toll the statute of
limitations until the complaint is filed, notwithstanding § 220,
providing that civil actions may be commenced in the superior
court by "the service of a summons . . . . or by filing a com-
plaint;" and this applies to actions against an administrator or
executor upon a rejected claim, required by Id., § 1482 to be
brought within thirty days after rejection of the claim.

[2] EXECUTORS AND ADMINISTRATORS (149)—ACTIONS—TIME TO SUE.
Rem. Comp. Stat., § 170, providing for the commencement of
actions on causes that survive at any time within one year
after the issuance of letters upon the estate, has been super-
seded, so far as it has force as a statute of limitations, by
the statute of non-claim, Id., § 1482.

Appeal from a judgment of the superior court for
Snohomish county, Bell, J., entered February 14, 1927,
upon findings in favor of the defendants in an action
to enforce a claim against a decedent's estate. Af-
firmed.

*D. W. Locke* and *Lloyd L. Black,* for appellant.

*Coleman & Fogarty* and *Clarence J. Coleman,* for
respondents.

PARKER, J.—The plaintiff, executrix of the estate of
Emily G. Feller, deceased, seeks recovery from the
defendants, Coleman and Feller, as executors of the
estate of Ezra B. Feller, deceased, upon three past due
promissory notes aggregating $450, executed and de-
livered to Emily G. Feller by Ezra B. Feller, and upon
a claim thereon duly verified and presented to the

[1]Reported in 262 Pac. 232.

defendants as executors, which has been by them rejected. One of the defenses is, that the action has not been commenced within the time limited by law, in that the complaint was not filed in the superior court within thirty days following the notice of rejection of the claim given by the defendants to the plaintiff. Trial proceeded in the superior court for Snohomish county, sitting without a jury, and resulted in judgment denying recovery, and dismissal accordingly, sustaining this affirmative defense. From this disposition of the case in the superior court, the plaintiff has appealed to this court.

The controlling facts are not in dispute. Since the making of the notes, both the maker and payee have died, and the plaintiff and defendants, respectively, have become the duly appointed and qualified executrix and executors of their estates. The claim upon the notes was duly verified and presented by the plaintiff to the defendants; thereafter, on November 3, 1926, the defendants gave to the plaintiff due notice of their rejection of the claim; thereafter, on November 23, 1926, the plaintiff caused to be served upon the defendants a summons and complaint seeking recovery thereon; and thereafter, on December 14, 1926, the plaintiff filed the summons and complaint in the office of the clerk of the superior court for Snohomish county. Thus, it plainly appears that the complaint was not filed in the office of the clerk of the superior court until after the expiration of thirty days following the notification of the rejection of the claim.

[1] This filing of the summons and complaint, it is contended in behalf of the plaintiff, was the commencement of the action, while the service of the summons and complaint, it is contended in behalf of the defendant, was the commencement of the action, within the meaning of our statutes of limitation. The language

of our general statute upon that subject, referring to Remington's Compiled Statutes, §§ 155 and 167, is as follows:

"§ 155. Actions can only be commenced within the periods herein prescribed after the cause of action shall have accrued, except when in special cases a different limitation is prescribed by statute; . . ."

"§ 167. . . . An action shall be deemed commenced when the complaint is filed."

This court has repeatedly held that an action by a private party is deemed not to be commenced, so as to toll the statute, until the complaint is filed in the office of the court wherein it is sought to commence the action; notwithstanding the provision of Rem. Comp. Stat., § 220 [P. C. § 8432], relating generally to the manner of commencing civil actions, that "civil actions in the superior courts of this state shall be commenced by the service of a summons . . . or by filing a complaint with the county clerk as clerk of the court." *Cresswell v. Spokane County,* 30 Wash. 620, 71 Pac. 195; *Blalock v. Condon,* 51 Wash. 604, 99 Pac. 733; *Lara v. Sandell,* 52 Wash. 53, 100 Pac. 166; *Petree v. Washington Water Power Co.,* 64 Wash. 636, 117 Pac. 475; *Murker v. Northern Pac. R. Co.,* 95 Wash. 280, 163 Pac. 756; *McDonald v. Prosser Falls L. & P. Co.,* 110 Wash. 175, 188 Pac. 462.

It is contended in behalf of the defendants that the words, "An action shall be deemed commenced when the complaint is filed," should not be held controlling in this case as to what constitutes the commencement of an action, because of the general provision of § 220, above quoted, touching the manner of the commencement of actions, and the special limitation of our probate code prescribed by Rem. Comp. Stat., § 1482 [P. C. § 9833], reading as follows:

"When a claim is rejected by either the executor, administrator, or the court, the holder must bring suit

in the proper court against the executor or administrator within thirty days after notification of the rejection, otherwise the claim shall be forever barred.''

The argument is, that we should look to the language of § 220, relating generally to the commencement of actions, and not to § 167 of our general statute of limitation, as determinative of what constitutes the commencement of an action against an executor or an administrator upon a rejected claim. This contention was made, in substance, in *Service v. McMahon,* 42 Wash. 452, 85 Pac. 33, wherein there was drawn in question the eight months' limitation for the commencement of a mechanic's lien foreclosure, following the filing of the lien claim in the office of the county auditor; that eight months' limitation being a part of the mechanics' lien statute and not, in any manner, stating what act or acts would constitute the commencement of the action for the purpose of tolling that limitation. Judge Hadley, speaking for the court and adopting the view that, for the purpose of tolling that limitation, the action should be deemed commenced by the filing of a complaint, said:

''Appellant contends that the service of the summons and complaint upon some of the defendants was a commencement of the action within the meaning of the statute. Reference is made to the general practice act, Bal. Code, § 4869, [§ 220, Rem. Comp. Stat.], in support of appellant's view that service of the summons was a commencement of the action as is contemplated by the lien limitation statute. Turning, however, to the statute on the general subject of limitations, we find that Bal. Code, § 4807 [§ 167, Rem. Comp. Stat.], provides that 'an action shall be deemed commenced when the complaint is filed.' It was held in *Cresswell v. Spokane County,* 30 Wash. 620, 71 Pac. 195, that under said statute no matter how or when actions may be commenced for other purposes, yet in order to escape the statute of limitations, the com-

plaint must be filed within the prescribed limitation period. Appellant argues that the case cited dealt only with the general statute of limitations, and that the section from which we have quoted is a part of the chapter on that general subject, but that the provision as to limitation of actions to foreclose liens is found in another chapter pertaining to another subject. While that is true, yet we are unable to distinguish the cited case in principle from the one at bar. Bal. Code, § 4796 [§ 155, Rem. Comp. Stat.], is also a part of the chapter on the general subject of limitations, and that section provides that actions can only be commenced within the periods in said chapter prescribed, 'except when in special cases a different limitation is prescribed by statute.' It is thus recognized that there may be special limitations provided other than those prescribed in that chapter, and that the same rules of practice shall apply to them. Such special cases are thus brought under the general scheme of limitation procedure. Section 5908 [§ 1138, Rem. Comp. Stat.] provides such a special limitation of eight months. It is essentially a statute of limitations, and must therefore be controlled by the same rules of practice with reference to the commencement of actions as though it were included in the general chapter on that subject.''

That decision seems to us, by analogy, to be exactly in point. However, we have another decision of this court which seems even more directly in point. In *Farmers & Merchants' Bank v. Lilly,* 66 Wash. 309, 119 Pac. 749, there was drawn in question the stated limitation in the then probate code, the same as in § 1482, Rem. Comp. Stat., above quoted, except the limitation period was then stated to be three months. It was in that case squarely held, as in *Service v. Mc-Mahon,* that the action must be deemed commenced by the filing of a complaint. It follows that this action was not commenced within the thirty day period prescribed by Rem. Comp. Stat., § 1482.

Some contention is made that observations by the writer of this opinion, at the conclusion of our opinion in *Van Duyn v. Van Duyn,* 129 Wash. 428, 225 Pac. 444, 227 Pac. 321, cast some doubt upon the soundness of the conclusions reached in *Service v. McMahon* and *Farmers & Merchants' Bank v. Lilly, supra.* Careful consideration of our present problem convinces us that, in so far as such observations may have seemingly had that effect, they were somewhat unfortunate. However, we expressly refrained from deciding this question in the *Van Duyn* case.

[2] Some contention is made in behalf of the plaintiff rested upon Rem. Comp. Stat., § 170 [P. C. § 8177], reading as follows:

"If a person entitled to bring an action die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced by his representatives after the expiration of the time and within one year from his death. If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his representatives after the expiration of that time, and within one year after the issuing of letters testamentary or of administration."

This is a very old statute, first enacted in 1854 [Laws '54, p. 364] and embodied in the code of 1881, § 38, since which time it has remained unchanged, so far as express repeal or modification is concerned. However, in so far as that section had any force as a statute of limitation upon an action by any claimant against an executor or administrator upon a rejected claim, it has manifestly been superseded by the later probate limitation here in question.

The judgment is affirmed.

MACKINTOSH, C. J., FRENCH, MITCHELL, and TOLMAN, JJ., concur.