[No. 20809.   Department Two.   May 1, 1928.]

STEPHEN KOPE, *Appellant*, v. COLUMBIA RIVER INTER-
STATE BRIDGE COMMISSION *et al.*, *Respondents.*[1]

[1] LIMITATION OF ACTIONS (64) — COMMENCEMENT OF ACTIONS —
FILING COMPLAINT. An action is deemed commenced so as to
toll the statute of limitations when the complaint is filed; and
for other purposes, when the summons and complaint are
served, under Rem. Comp. Stat., § 167 relating to limitations
and Id., § 220, providing for the commencement of actions by
such service.

[2] COUNTIES (95-1)—LIMITATION OF ACTIONS (64)—COMMENCEMENT
OF ACTION—FILING COMPLAINT WITHIN THREE MONTHS. Under
Rem. Comp. Stat., §§ 164 and 4076, requiring an action against
a county to be commenced within three months after the claim
has been presented to and rejected by the county commissioners,
and Id., § 4077 providing that no action shall be commenced
until the same has been presented and sixty days have elapsed
after presentation, when a claimant elects to treat the claim as
rejected after expiration of the sixty days allowed for its con-
sideration, by service of a summons and complaint, the com-
plaint must be filed within three months from the time of such
rejection, in order to toll the statute of limitations, Id., § 167,
providing that such filing shall be deemed the commencement
of the action.

Appeal from a judgment of the superior court for
Clark county, Simpson, J., entered July 8, 1927, in
favor of the defendants, dismissing an action for
damages for personal injuries, upon sustaining a de-
murrer to the complaint. Affirmed.

*McMaster, Hall & Schaefer* and *Gordon Powers,* for
appellant.

*Dale McMullen, Claude C. Snider, Stanley Myers,*
and *George Mowry,* for respondents.

MAIN, J.—The purpose of this action was to recover
damages for personal injuries. Some time after the

[1]Reported in 266 Pac. 1053.

summons and a copy of the original complaint were served, an amended complaint was served. To the amended complaint, a demurrer was interposed and sustained. The plaintiff refused to plead further, and elected to stand upon the amended complaint. Judgment was entered dismissing the action, from which plaintiff appeals.

The facts necessary to be stated in order to present the question to be determined are very few. The action was one against Clark county. The appellant was injured June 11, 1926. He filed a claim for damages July 20, 1926. Thereafter and on September 28, 1926, the action was begun by the service of a summons and a copy of the complaint. The original complaint and the amended complaint were both filed in the clerk's office on May 24, 1927. It thus appears that more than three months elapsed, after the service of the summons and a copy of the original complaint, before either that complaint or the amended complaint was filed.

[1] The question is whether the complaint was filed in time. Section 167, Rem. Comp. Stat., [P. C. § 8174], in part provides that

"An action shall be deemed commenced when the complaint is filed."

Section 220 [P. C. § 8432] is as follows:

"Civil actions in the several superior courts of this state shall be commenced by the service of a summons, as hereinafter provided, or by filing a complaint with the county clerk as clerk of the court: Provided, that unless service has been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint."

Construing these two sections, this court has uniformly held that an action is not deemed commenced,

so as to toll the statute of limitations, until the complaint is filed, but that the action, for other purposes, will be deemed commenced by the service of summons and a copy of the complaint. *Cresswell v. Spokane Co.,* 30 Wash. 620, 71 Pac. 195; *Blalock v. Condon,* 51 Wash. 604, 99 Pac. 733; *Lara v. Sandell,* 52 Wash. 53, 100 Pac. 166; *Petree v. Washington Water Power Co.,* 64 Wash. 636, 117 Pac. 475; *Murker v. Northern Pac. R. Co.,* 95 Wash. 280, 163 Pac. 756; *McDonald v. Prosser Falls L. & P. Co.,* 110 Wash. 175, 188 Pac. 462.

[2]    The inquiry then is, whether the complaint in the present case was filed within the time required by the law. Section 164, Rem. Comp. Stat., [P. C. § 8171] requires that an action be brought within three months after a claim filed with the board of county commissioners shall have been rejected by that board. Section 4076, [P. C. § 1679], in part, provides:

"Nothing contained shall be so construed as to prevent a party having a claim against any county in this state from enforcing the collection thereof by civil action in any court of competent jurisdiction, after the same may have been presented and disallowed in whole or in part by the board of county commissioners of the proper county: Provided, that such action be brought within three months after such claim has been acted upon by such board."

From these statutes, it appears that the action must be begun within three months after the claim has been rejected or acted upon by the board of county commissioners. Under the rule first above stated, it was necessary that the complaint in the action be filed within three months after the rejection of the claim in order to toll the three months statute of limitations. It does not appear that the commissioners had ever acted upon or rejected the claim. The appellant's position is that the three months statute of limitation cannot be set in motion until the board has actually acted upon or re-

jected the claim. That part of § 4076 above quoted authorizes a civil action after a claim has been presented and disallowed, but it fixes no time in which the board shall act. In *Bullock v. Yakima Valley Transp. Co.*, 108 Wash. 413, 184 Pac. 641, 187 Pac. 410, it was held that, after a claim had been presented to the board of county commissioners and a reasonable time had elapsed for the board to act thereon, the claimant could maintain an action and that it would be presumed as a matter of law that the claim had been rejected. It was there said:

"We hold that, under this statute [Rem. Comp. Stat., § 4076], after the county commissioners have failed to act within a reasonable time, it will be conclusively presumed, as a matter of law, that they have rejected the claim,"

and that the commissioners ought to be estopped to deny that, by their failure to act within a reasonable time, the claim has been rejected. After the judgment in that case was entered and prior to the time that the case was decided by this court, the legislature, at its 1919 session, passed an act which covered the matter of claims against counties and what they should contain and provided that:

"No action shall be maintained for any claim for damages until the same has been presented to the board of county commissioners and sixty days have elapsed after such presentation . . . " Rem. Comp. Stat., § 4077.

As already stated, prior to the time this last act was passed the statute contained no measure as to what would be a reasonable time for the commissioners to act upon a claim. In this statute, that time is measured by sixty days. The purpose of the latter act, as pointed out in *Hanford v. King County*, 112 Wash. 659, 192 Pac. 1013, was to allow the county time to in-

vestigate the particulars of an alleged accident before being burdened by a law suit. It was there held that the statute was satisfied, if the claim was presented, rejected and the action instituted within the sixty days. It does not appear to us that § 4077 modifies the previous section in any particular, except that it fixes the time within which the commissioners may consider the claim, and if it is not rejected within that time, then the claimant has a right to institute his action. In *Bullock v. Yakima Valley Transp. Co., supra,* it was said that "the claim would be considered as rejected as of the time the claimant elected to sue." When the claimant in the present case elected to sue by the service of the summons and a copy of the complaint, he treated the claim as rejected. Neither the complaint nor the amended complaint was filed within three months after this time. It follows that the complaint was not filed within time to toll the statute.

The appellant argues that the three months statute of limitations cannot be set in motion until the commissioners actually rejected or acted upon the claim, but we cannot so construe the statutes involved. The appellant, having elected to treat the claim as rejected by instituting the action by the service of the summons and a copy of the complaint, could not well be heard to say that the claim had not been rejected. Unless the claim had actually been rejected or he had a right to treat it as rejected, the action would be prematurely brought. Within what time the claimant is required to proceed after the expiration of the sixty days in which the commissioners have to consider the claim is a question not before us at this time, and we express no opinion thereon. The appellant, having elected to treat the claim as rejected by the serving of the summons and a copy of the complaint, was required to file

the same within three months thereafter or the action would be barred.

The judgment will be affirmed.

HOLCOMB, ASKREN, and TOLMAN, JJ., concur.