## LOUWEIN v. MOODY, Tax Collector.
### (No. 1133–5076.)

Commission of Appeals of Texas, Section A.
Jan. 23, 1929.

Boyles, Brown & Scott and Pat N. Fahey, all of Houston, for plaintiff in error.

Claude Pollard, Atty. Gen., and D. A. Simmons, Asst. Atty. Gen., for defendant in error.

NICKELS, J. We refer to the opinion of the Court of Civil Appeals (300 S. W. 957) for a general statement of the case.

Amongst the claims asserted by Louwein is one to the effect that the exaction demanded (under articles 6675 and 6679, R. S. 1925) as for operation of trucks exclusively in mail service is noncollectible, because, first, without color of warrant; and, second, if the statute purports warrant, the requirement aims at and results in interference with valid exertion of federal power.

Of tolls required for passage of privately owned vehicles laden with mail being transported under contract, Chief Justice Taney (in Searight v. Stokes, 3 How. 151, 168, 11 L. Ed. 537) had this to say: "Nobody, we suppose, will doubt that this toll, although in form it is paid by the contractors, is in fact paid by the Post Office Department. It is not a contingent expense, which may or may not be incurred, and about which a contractor may speculate; but a certain and fixed amount, for which he must provide, and which, therefore, in his bid for the con-

tract, he must add to the sum he would be otherwise willing to take."

A toll was exacted of passengers in like vehicles, while those in vehicles not laden with mail were exempted, by another state, and concerning its true incidence it was said: "Although this toll, in form, is laid upon the passengers and not upon the vehicle, the result is the same; for in either case it is, in effect, a charge upon the proprietor of the carriage, diminishing his profits in that portion of his business; and when thus leveled exclusively at passengers in the mail stage, it accomplishes indirectly what evidently cannot be done directly by a toll upon the carriage, and in its consequences must seriously affect the interests of the United States. For in bidding for a contract upon a road so much traveled as this, the bidder would undoubtedly be greatly influenced by the advantages which a contract would give him in the conveyance of passengers, as his carriages, when carrying the mail, are entitled to go free. But if they, and they alone, are to be subjected to this burdensome and unequal toll, it is obvious that he must seek to reimburse himself, by enlarging his demand upon the Government." Neil, Moore & Co. v. Ohio, 3 How. 720, 743, 11 L. Ed. 800.

Each of the cases just cited arose upon averments that exaction of toll was in violation of a compact between the state and the United States to the effect that the latter should be free of expense in maintenance of the road, and in each of them it was held that enforcement of the toll would increase the cost of securing carriage of the mails, and thus, by slight indirection, require the United States to contribute to expense of road maintenance.

Like averments were made and sustained in Achison v. Huddleson, 12 How. 293, 13 L. Ed. 993. Searight v. Stokes and Neil, Moore & Co. v. Ohio were reviewed and conclusions in the third case were announced in these words: "It was held in both the former decisions, that the stipulation in the compact, that the United States should not thereafter be subject to any expense to maintain the road, was inconsistent with the imposition of a tax upon the contractors for carrying the mail in four-horse coaches, because the United States, requiring the mail to be so carried, would thus indirectly be made, through the enhancement of the price for this service, to bear a part of that burden. The effect of this law of Maryland is, therefore, to impose upon the United States, through the contractors * * * a tax for the support of the road."

If the Texas statute be applicable to Louwein in regard to his mail trucks, it makes penal use of those trucks in carrying the mail unless he first pay the "fee" or "tax." Use of the trucks upon highways, and not owner-

ship, is the subject-matter burdened. The cases cited, in our opinion, settle the matter of "practical effect" as increasing the cost to the United States of execution of its power and duty (section 8, cl. 7, art. 1) to establish and operate post offices, etc., and that, too, in a way sufficiently direct as to be an interference with the free execution of that power.

Purpose to impose such a burden may not be attributed to the Legislature in the absence of compelling words. In our opinion, the statute (articles 6675, 6679) omits such words. But, in the exempting terms, the Legislature used language subject to that interpretation which carries immunity in respect to the trucks in question. While Louwein, and not the federal government, owns and operates the trucks, he does so, on the facts, "under the direction and exclusively in the official service of the United States.

Accordingly, we recommend that the judgment of the Court of Civil Appeals be reversed and that the judgment of the district court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.