JOHN E. AULNER, JR., PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

71 N. W. 2d 305

Filed July 8, 1955. No. 33749.

*Cropper & Cropper, John E. Cleary,* and *James J. Holmberg,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Ralph D. Nelson,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAP-

PELL, WENKE, and BOSLAUGH, JJ., and FLORY, District Judge.

YEAGER, J.

Here are two criminal actions which by agreement were consolidated for trial and tried in the district court. A jury was waived and the trial was to the court. At the conclusion of the trial the defendant there, who is plaintiff in error here, was found guilty in both cases. In one he was sentenced to pay a fine of $16 and costs and in the other to pay a fine of $30 and costs. After the sentences were imposed he duly filed motion for new trial which was overruled. He seeks reversal of these judgments and sentences and the order overruling the motion for new trial in this court. For this purpose he has filed a petition in error. The cases come here consolidated the same as in the district court.

For convenience the plaintiff in error will be hereinafter referred to as the defendant and the State of Nebraska as the State.

There were two prosecutions originally instituted against the defendant by complaint filed in the county court of Cass County, Nebraska. In one it was charged that on August 22, 1954, the defendant unlawfully caused to be operated a commercial motor truck upon the public highways of Nebraska in the County of Cass carrying a load of more than 20 percent in excess of the carrying capacity for which the registration fee on the vehicle had been paid, and the maximum tolerance of 20 percent of load weight exceeded 1,000 pounds contrary to law. In the other the charge was the same except that the date of the offense was August 30, 1954.

There was a trial and conviction in both cases in the county court. An appeal was taken therefrom to the district court. The proceeding here flows from the appeal of the two cases.

There is no dispute about any material fact in this case. In the bill of exceptions is a stipulation setting

forth in substance all of the material facts. In effect it is conceded that if the statutes under which the actions were prosecuted were valid and applicable to the defendant under the circumstances the adjudication of guilt was proper.

The weight of the empty truck involved was 8,840 pounds. On August 22, 1954, the truck with its load had a total weight of 15,280 pounds. On August 30, 1954, the total weight was 15,220. The truck was licensed to carry 2 tons or 4,000 pounds.

The definitive statutory provisions which provide the basis of the prosecutions are contained in sections 39-723.03 and 60-331, R. S. Supp., 1953. The penalty provision is contained in section 39-723.05, R. S. Supp., 1953.

The applicable portion of section 39-723.03, R. S. Supp., 1953, is the following: "It shall be unlawful to operate upon the public highways of this state any motor truck * * * carrying a load (1) of more than twenty per cent in excess of the carrying capacity on which the registration fee on such vehicle has been paid, and the maximum tolerance of twenty per cent shall not exceed one thousand pounds, * * *."

The applicable portion of section 60-331, R. S. Supp., 1953, is the following: "The registration fee on commercial trucks shall be based upon the load to be hauled; * * *."

The penalty provided by section 39-723.05, R. S. Supp., 1953, for violation of subdivision (1) of section 39-723.03, R. S. Supp., 1953, is a fine of not less than $10 and not more than $100 for the first or second offense.

It becomes clear from the agreed facts that if these statutes are applicable to the defendant he was guilty as charged and that appropriate penalties were imposed.

One contention of the defendant is that section 39-723.03, R. S. Supp., 1953, carries within its terms no penalty provisions and that section 39-723.05, R. S. Supp., 1953, has no application since it applies only to commercial freight-carrying vehicles whereas his was not a

commercial freight-carrying truck. The theory is incomprehensible. The description contained in section 39-723.03, R. S. Supp., 1953, as to what the provision shall apply is "any motor truck * * * carrying a load." The description of the vehicles to which the penalty provision shall apply is "any commercial freight-carrying vehicle, bus, truck." His was unquestionably a truck within the meaning of the two statutory provisions.

Next the defendant contends that he was not required to have his truck licensed at all under the laws of the State for the reason that he was engaged in the performance of a function of the United States government and that registration would amount to a tax upon the federal government.

The facts in this connection were that he was engaged in the business of transporting mail from Omaha, Nebraska, to Falls City, Nebraska, and return and to other points between these two cities under contract with the United States Post Office Department. He was engaged as what is commonly referred to as a contract carrier of mail. As such he provided his own transportation vehicles and had full and complete control over their operation.

He largely relies upon Louwein v. Moody (Tex. App.), 12 S. W. 2d 989, wherein the Commission of Appeals of Texas, Section A, overruled the Court of Civil Appeals in Moody v. Louwein (Tex. Civ. App.), 300 S. W. 957, and upon Searight v. Stokes, 3 How. 150, 11 L. Ed. 537, to sustain this contention.

It is true that Louwein v. Moody (Tex. App.), 12 S. W. 2d 989, does appear to be in his favor.

Analysis however discloses that the court caused its conclusion to depend for the most part upon what it conceived to be the holding in Searight v. Stokes, *supra*.

What the court actually and substantially held in Searight v. Stokes, *supra*, was that where it reasonably appeared that the United States government had an agreement with a state that the United States mail could pass

free over a road through a state, the state could not burden the vehicle used to transport the mail with a toll charge even though it carried passengers in addition to mail.

Very specifically and affirmatively the court pointed out in the opinion that no such rule applied in a case such as this one. In fact the effect of the opinion is to say that a fee such as is exacted by our statute is valid. It was said: "If the state had made this road herself, and had not entered into any compact upon the subject with the United States, she might undoubtedly have erected toll-gates thereon, and if the United States afterwards adopted it as a post-road, the carriages engaged in their service in transporting the mail, or otherwise, would have been liable to pay the same charges that were imposed by the state on other vehicles of the same kind." Thus the Texas case loses its force.

The case of State v. Wiles, 116 Wash. 387, 119 P. 749, 18 A. L. R. 1163, is one which in all substantial particulars in point of fact is the same as the one at bar. No purpose is perceived why anything should be said in review of it other than that there the court upheld the validity of a registration tax upon a vehicle used by a contract carrier of United States mail.

The conclusion is that there is no merit to the reasons advanced as grounds for reversal of the two judgments of the district court. They are accordingly affirmed.

AFFIRMED.