[No. 38022.   Department One.   November 18, 1965.]

JAMES W. GREEN, as *Administrator, et al., Plaintiffs*, v.
FORREST S. DUNKIN, as *Administrator, Appellant*,
THE COUNTY OF WHATCOM, *Respondent.*[*]

*Russell Millhouse*, for appellant.

*Richard A. Nelle* and *William A. Gardiner*, for respondent.

OTT, J.—August 26, 1963, Alice A. Dunkin died as the result of injuries sustained in an automobile accident. November 6, 1963, Forrest S. Dunkin, individually, and as administrator of the estate of Alice Dunkin, filed a claim for damages against Whatcom County for the wrongful death of Alice Dunkin, on behalf of himself and his 3 minor children, aged 18, 13, and 6, respectively. The claim alleged, *inter alia*, that the county was negligent in the maintenance of a road sign at the highway intersection where the collision occurred.   January 3, 1964, the commissioners of Whatcom County rejected the claim.

[*]Reported in 407 P.2d 985.

April 8, 1964, Forrest S. Dunkin, in his representative capacity, instituted, by cross complaint, a wrongful death action against Whatcom County and others. October 6, 1964, a summary judgment was entered dismissing the cause of action against Whatcom County for the reason that it was not commenced within the statutory time fixed by RCW 36.45.030.

Forrest S. Dunkin, in his representative capacity, has appealed.

The appeal presents a single issue: Can a wrongful death action, brought for the benefit of minor children of a decedent, be maintained against a county when the action has not been commenced within the time fixed by RCW 36-.45.030?

The applicable statutes are as follows:

All claims for damages against any county must be presented before the board of county commissioners and filed with the clerk thereof within ninety days from the date that the damage occurred or the injury was sustained. RCW 36.45.010.

All such claims for damages must locate and describe the defect which caused the injury, describe the injury, and contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six month immediately prior to the time the claim accrued and be sworn to by the claimant: *Provided,* That if the claimant is incapacitated from verifying and filing his claim for damages within the time prescribed, or if the claimant is a minor, or in case the claim is for damages to real or personal property, and the owner of the property is a nonresident of the county or is absent therefrom during the time within which a claim for damages is required to be filed, the claim may be verified and presented on behalf of the claimant by any relative or attorney or agent representing the injured person or, in case of damages to property, representing the owner thereof. RCW 36.45.020.

No action shall be maintained on any claim for damages until it has been presented to the board of county commissioners and sixty days have elapsed after such presentation, but such action must be commenced within

three months after the sixty days have elapsed. RCW 36.45.030.

Any person may appeal to the superior court from any decision or order of the board of county commissioners. Such appeal shall be taken within twenty days after the decision or order, and the appellant shall within that time serve notice of appeal on the county commissioners. The notice shall be in writing and shall be delivered to at least one of the county commissioners personally, or left with the county auditor. The appellant shall, within ten days after service of the notice of appeal give a bond to the county with one or more sureties, to be approved by the county auditor, conditioned for the payment of all costs which shall be adjudged against him on such appeal in the superior court. The practice regulating appeals from and writs of certiorari to justice's courts shall, insofar as applicable, govern in matters of appeal from a decision or order of the board of county commissioners.

Nothing herein contained shall be construed to prevent a party having a claim against any county in this state from enforcing the collection thereof by civil action in any court of competent jurisdiction after the same has been presented to and filed as provided by law and disallowed in whole or in part by the board of county commissioners of the proper county. Such action must, however, be commenced within the time limitation provided in RCW 36.45.030. RCW 36.32.330.

■ At common law, tort actions against the sovereignty or any of its subdivisions were not permitted. The legislature, in derogation of the common law, has authorized tort actions to be maintained against a county, provided the injured claimant or his representative has complied with the statutory conditions precedent.

In the instant case, the appellant timely presented his claim to the county commissioners on November 6, 1963. On January 3, 1964, 58 days after the date of presentation of the claim, it was rejected. By statute (RCW 36.45.030), the appellant had 3 months and 2 days from this date within which to commence his action. April 8, 1964, 4 days after the statutory period for commencement of the action against the county had elapsed, the action was instituted.

The legislature has ordained that "No action shall be

maintained on any claim for damages" which is not commenced within 3 months after the 60-day presentation period has elapsed.

The trial court did not err in granting summary judgment in favor of the county as the record clearly establishes that, by virtue of the statute, the action cannot "be maintained."

The appellant asserts, however, that the 3-month limitation period prescribed by RCW 36.45.030 does not apply to minor claimants. Appellant contends that, until the disability of minority has expired, the mandate of RCW 36.45-.030 is tolled by the terms of RCW 4.16.190, which provides:

> If a person entitled to bring an action *mentioned in this chapter* . . . be at the time the cause of action accrued . . . under the age of twenty-one years, . . . the time of such disability shall not be a part of the time limited for the commencement of action. (Italics ours.)

■ RCW 4.16 does not mention, or by inference refer to, persons having a cause of action against a municipality or the sovereign state. Persons entitled to institute an action under the provisions of RCW 4.16 are authorized to commence such actions only against those parties mentioned in the chapter. Since there is no mention in RCW 4.16 of actions against the sovereign state or any subdivision thereof, RCW 4.16.190 is not here applicable.

Prior to the date when the appellant's cause of action arose, RCW 4.16.120 had provided that persons having a claim against a county must bring an action within 3 months after the claim was rejected by the county commissioners. In 1955, the legislature repealed this section of RCW 4.16 (Laws of 1955, ch. 41, p. 331).

In 1957, the legislature amended RCW 36.45.030, *supra*, to establish the limitation period for the commencement of actions against the county (Laws of 1957, ch. 224, § 9, p. 886). In 1963, the legislature re-enacted RCW 36.45 (Laws of 1963, ch. 4, p. 98). The cited Laws of 1955, 1957, and 1963 conclusively establish the legislative intent that all causes of action against a county are to be governed by RCW 36.45, and RCW 36.32.330.

Appellant relies upon *Kelleher v. Ephrata School Dist. No. 165*, 56 Wn.2d 866, 355 P.2d 989 (1960). The issue there before the court was whether the claimant had timely filed his claim with the county. We held that failure timely to file a tort claim with the county, as provided by law, constitutes a bar to the cause of action. The issue of whether the action was timely commenced after rejection of the claim was not before the court in that case. The statutes relating to the timely commencement of an action after a claim had been presented or rejected were neither cited nor discussed. The cited case, therefore, is not apropos to the issue presented here.

We have not discussed the remaining cases relied upon by appellant because they relate to the statutory provisions which were in effect prior to the enactments with which we are here concerned.

The judgment is affirmed.

ROSELLINI, C. J., HILL and HUNTER, JJ., and BARNETT, J. Pro Tem., concur.