[No. 508-2.    Division Two.    October 30, 1972.]

JAY P. JESSUP, *Appellant,* v. CLALLAM COUNTY, *Respondent.*

*Paul W. Robben* (of *Barnett, Robben, Blauert & Pease*), for appellant.

*G. B. Chamberlin* (of *Chamberlin & Johnson*), for respondent.

PEARSON, J.—Plaintiff, Jay Jessup, appeals from an order dismissing with prejudice his action against defendant, Clallam County, for failure to commence the action within the time specified in RCW 36.45.030. The facts are stipulated and we are presented solely with a question of statutory interpretation.

On February 5, 1970, plaintiff was injured, allegedly due to the negligence of the defendant. Plaintiff filed a verified

claim with the board of commissioners on April 28, 1970. The claim was filed within the 120 days following the injury, in accordance with RCW 36.45.010.[1] The board has never acted on this claim, and has neither accepted nor rejected it. On November 23, 1970, more than 6 months after the claim was presented to the board, this lawsuit was commenced.

The trial court dismissed the action because suit was not commenced within the time allowed by RCW 36.45.030, which provides:

> No action shall be maintained on any claim for damages until it has been presented to the board of county commissioners and sixty days have elapsed after such presentation, but such action must be commenced within three months after the sixty days have elapsed.

Defendant argues that, under the plain meaning of this section, suit should have been commenced within 3 months after the 60 days following April 28, 1970, *i.e.,* the complaint should have been filed before September 27, 1970.

Plaintiff contends that RCW 36.32.330 places an affirmative duty on the board of county commissioners to act on the claim and that due process requires that the claimant be notified of this action before the time limitation in RCW 36.45.030 commences to run. The pertinent part of RCW 36.32.330 provides:

> Nothing herein contained shall be construed to prevent a party having a claim against any county in this state from enforcing the collection thereof by civil action in any court of competent jurisdiction after the same has been presented to and filed as provided by law and disallowed in whole or in part by the board of county commissioners of the proper county. *Such action must, however, be commenced within the time limitation provided in RCW 36.45.030.*

(Italics ours.) We note that in both RCW 36.45.030 and the portion of RCW 36.32.330 italicized above, the legislature

---

[1] RCW 36.45.010 provides: "All claims for damages against any county must be presented before the board of county commissioners and filed with the clerk thereof within one hundred and twenty days from the date that the damage occurred or the injury was sustained."

used the imperative "must." We think that the time limitation provisions are clear and unambiguous. Since plaintiff failed to commence suit within the period specified in the statute, the trial court did not err in dismissing the action.

An almost identical situation was before the Supreme Court in *Green v. Dunkin.* 67 Wn.2d 451, 407 P.2d 985 (1965). In *Green,* unlike the case before us, the board had rejected the plaintiff's claim 58 days after presentation. The court noted at page 453:

> By statute (RCW 36.45.030), the appellant had 3 months and 2 days from this date [the date of rejection] within which to commence his action. April 8, 1964, 4 days after the statutory period for commencement of the action against the county had elapsed, the action was instituted.
>
> The legislature has ordained that "No action shall be maintained on any claim for damages" which is not commenced within 3 months after the 60-day presentation period has elapsed.

The method used in *Green* to compute the statutory limitation period is determinative of this appeal. The limitation period begins to run 60 days after the day the claim is presented to the board of county commissioners. The date the board acts is irrelevant in determining the statutory period.

Plaintiff contends that due process requires the board to notify him of its action before the 3-month limitation begins to run. We disagree. As soon as the 60-day presentation period expires, the claimant has a right to bring suit immediately. *Kope v. Columbia River Interstate Bridge Comm'n,* 147 Wash. 602, 266 P. 1053 (1928). Board action is a prerequisite to the claimant's ability to sue only if the 60-day period has not expired. *Hanford v. King County,* 112 Wash. 659, 192 P. 1013 (1920). Since plaintiff's ability to maintain suit is unaffected by the board's failure to act, we fail to see why due process should require an extension of the limitation period.

The order of dismissal is affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.