**PARRISH et, Plaintiffs, v. McKEE, Admr., Defendant.**

Common Pleas Court, Columbiana County.

No. 41939.   Decided April 30, 1956.

Hunston, Atkinson & Lower, By Ralph Atkinson, Salem, for plaintiffs.
William E. Pfau, Jr., Youngstown, for defendant.

## OPINION

By SHARP, J.

This matter comes into this Court on defendant's Demurrers to the original petition, to the supplemental petition, to the amended supplemental petition and to the second amended and supplemental petition.

### FACTS:

Plaintiffs are the owner, the lessor and the insurer of a tractor and trailer which were damaged on May 28, 1953, in a collision with an automobile driven by one Robert L. Fullum.

On November 1, 1953, the said Robert L. Fullum died from causes having nothing to do with said accident.

On May 24, 1955, F. W. McKee was appointed Administrator of the Estate of said Robert L. Fullum.

Plaintiffs, fearing that the two year statute of limitations might be construed to run against their cause of action, did, on May 25, 1955, without waiting to present their claim to the Administrator who had been appointed the day before, file their petition for damages against said Administrator and cause summons to be issued and served upon said Administrator on May 26, 1955, two days within said two year period of limitation.

On September 20, 1955, four days within four months of Mr. McKee's appointment as Administrator of the Estate of Robert L. Fullum, deceased, the plaintiffs presented their claim to said Administrator which was rejected by him on that day.

Two days later, September 22, 1955, plaintiffs filed a supplemental petition alleging the appointment of said Administrator and the presentation and rejection of their claim. Summons was issued on said supplemental petition and served upon the Administrator on September 23, 1955.

On or about September 29, 1955, defendant's counsel, not realizing that the supplemental petition had been filed, wrote to the Assignment Commissioner enclosing a demurrer to the original petition on the ground that "plaintiffs' petition does not set forth facts which constitute a cause of action," and a brief in support of said demurrer. This demurrer and brief was misplaced and was not filed until January 30, 1956. A copy, however, was sent to plaintiffs' counsel.

On October 3, 1955, defendant filed a demurrer to the supplemental petition "for the reason that it was filed after the statute of limitations had run and should be stricken from the files for the reason that no legal petition was filed which it could supplement."

On October 14, 1955, plaintiffs filed an amended and supplemental petition alleging the appointment of the Administrator, the presentation and rejection of the claim and concluding their amended supplemental petition as follows:—

"The allegations of plaintiffs' original petition in this cause, are hereby incorporated in this pleading and are made a part hereof by reference in their entirety.

WHEREFORE, plaintiffs repeat the prayer of their petition."

Defendant then re-filed his demurrer so that it would apply to the supplemental petition and amended supplemental petition.

On October 28, 1955, counsel appeared and said demurrer was argued and the Court overruled said demurrer giving in a written opinion his reasons for so doing. In this opinion the Court, on page 3, states that,—

"This Court is of the opinion that since Mr. Fullman died within the two year statute of limitations his death stopped the running of said statute and the plaintiffs had the right to present their claim to the Administrator at any time within four months after his appointment."

The Court is now of the opinion that this was a misstatement of the law and since the Court's decision of October 28th was based on this erroneous assumption the Court is re-considering his decision in regard to the defendant's demurrers.

Following the Court's decision of October 28, 1955, the plaintiffs, on November 14, 1955, filed a second amended and supplemental petition and caused summons to be issued and served upon the Administrator personally on November 15, 1955, five days before the two months limitation for suit on a rejected claim had expired.

On November 25th, 1955, the defendant filed his demurrer to the plaintiffs' second amended and supplemental petition "for the reason that it was filed after the statute of limitations had run and should be stricken from the files, for the reason that no legal petition was filed which it could supplement, and further that the statute of limitations once having commenced to run was not suspended or stopped by the subsequent death of the defendant."

The case was assigned for pre-trial April 16, 1956, at which time the defendant and counsel for all parties appeared. There was a conference and the Court stated to counsel that he was of the opinion that the statement in his opinion of October 28, 1955 that "this Court is of the opinion that since Mr. Fullman died within the two year statute of limitations his death stopped the running of said statute and the plaintiffs had the right to present their claim to the administrator at any time within four months after his appointment," was in error; and since his decision had been based on that opinion the Court advised counsel that he would re-consider the defendant's demurrers.

LAW:

When the collision of May 28, 1953 occurred, if the facts were as alleged by the plaintiffs, a cause of action arose in favor of the plaintiffs against Robert L. Fullum.

Sec. 2305.03 R. C. (§11218 GC) provides that:

"A civil action, unless a different limitation is prescribed by statute, can be commenced only within the period prescribed in §§2305.03 to 2305.22, inclusive, R. C. When interposed by proper plea by a party to an action mentioned in such sections, lapse of time shall be a bar thereto."

Sec. 2305.10 R. C. (§11224-1 GC) provides that:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Sec. 2305.15 R. C. (§11228 GC) provides in part that:

"When a cause of action accrues against a person, if he is out of

the state or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in §§2305.04 to 2305.14, inclusive of the **Revised Code,** * * * does not being to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state. or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought."

It is to be noted that the above statute, designated "saving clause" does not include death as a cause of suspending the operation of the statute of limitation.

**Sec. 2305.21 R. C. (§11235 GC)** provides that:

"In addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto."

Plaintiffs' cause of action against Robert L. Fullum accrued on May 28, 1953, and the statute of limitations commenced to run against plaintiffs on that date. Robert L. Fullum died November 1, 1953, from causes having nothing to do with the accident.

**Sec. 2113.06 R. C. (§10509-3 GC)** provides as follows:—

"Administration of the estate of an intestate shall be granted to persons mentioned in this section, in the following order:

"(A) To the surviving spouse of the deceased, if resident of the state;

"(B) To one of the next of kin of the deceased, resident of the county;

"(C) To one of the next of kin of the deceased, resident of the state;

"If the persons entitled to administer the estate fail to take or renounce such administration voluntarily, they shall be cited by the probate court for that purpose, if resident within the county

"If there are no persons entitled to administration, or if they are for any reason unsuitable for the discharge of the trust, or if without sufficient cause they neglect to apply within a reasonable time for the administration of the estate, their right of priority shall be lost and the Court shall commit the administration to some suitable person who is a resident of the county. Such person may be a creditor of the estate.

"This section applies to the appointment of an administrator de bonis non."

In the case of **Granger's Adm. v. Granger, 6 Ohio 35, paragraph 2** of the syllabus is as follows:

"Where the statute of limitations begins running in the lifetime of the debtor, it continues to run until the claim is barred, notwithstanding the death of the debtor, and no administration taken out on his estate. It is the party's fault; he could take out letters."

At Page 42 of the opinion Judge Wright says:

"Are the claims offered to be set off, barred by the statute of limitations? It is agreed by counsel, that E. Granger died in September, 1819. This suit was commenced in 1832, a period of 13 years after the cause

of action accrued. The right to sue for such claims, is limited by our act to six years. The same limitation is supposed to apply to set offs as to actions. But it is urged, that the statute not having run to its completion in the lifetime of the intestate, was suspended by the death, and only commenced running again when administration was granted; since which, six years have not elapsed. We think it well settled, in ordinary cases, that where the statute of limitations once begins to run upon any subject, it continues to run to its completion, unless interrupted by some act of the party setting up the statute, which places the claim within some of the exceptions provided in the act. The death of the debtor is not such an act and does not interrupt the running of the statute; nor does a delay in taking out administration. If a creditor would save his debt from the statute bar, he should take out administration himself."

I have checked the GRANGER case in SHEPARD'S and it has not been reversed and has been followed in many cases. It is still the law of Ohio, and must be considered to have been in the mind of the Legislature at all times when the Probate Code was revised since that opinion.

In the case Liggett Admrx. v Estate of Liggett, 3 O. N. P. n. s. 518, paragraph 1 of the syllabus is as follows:

"1. The appointment of an executor or administrator under the laws of Ohio does not suspend the operation of the statute of limitations."

This, of course, is not an opinion of the Supreme Court of Ohio but of the Probate Court of Union County. Nevertheless, since it deals directly with an issue in this case, it deserves careful consideration.

In the LIGGETT case Judge Brodrick at pages 520 and 521 of the opinion says,—

"In the state of New York it is expressly provided by statute that: 'From the death of the decedent until the first judicial settlement of an account of his executor or administrator, the running of the statute of limitations, against a debt due from the decedent to the accounting party, or any other cause of action, in favor of the latter against the decedent is suspended.'"

The "saving clause"—§2305.15 R. C.—does not specify that the appointment of an administrator stops or suspends the running of the statute of limitations. There is no other statute that does so specify. No Ohio case has been cited to me, nor have I been able to find any that so holds.

Since a creditor or injured party has the right to bring about the administration of the estate of his debtor or injurer I can see no reason why he should not present his claim to such administrator within the time limited by the applicable statute of limitations.

Suffice it to say that there is ample reason and authority for the following quotation from 25 O. Jur. at pages 595 and 596:—

"EFFECT OF DEATH—It is a well settled rule in Ohio that when the statute of limitations begins to run against the intestate in his lifetime, it will run to its completion without interruption by the death. And it does not cease running during the period which may elapse between his death and the time in which a personal representative is

constituted and duly qualified. Nor is it suspended by the appointment of an executor or administrator. Also, failure to appoint an administrator will not suspend its running."

Apparently the plaintiffs did secure the appointment of an administrator for on May 24, 1955, F. W. McKee was appointed administrator of the estate of the said Robert L. Fullum, deceased. This was four days before the statute of limitations expired. There was nothing to have prevented the plaintiffs from presenting their claim to Mr. McKee immediately upon his appointment but instead of that they proceeded to file a petition against him and have him served with summons on May 26, 1955.

The summons was issued, dated and served on May 26, 1955, two days within the two year statute of limitations. Was this sufficient compliance to come within the statute? I think not.

Sec. 2117.30 R. C. (§10509-138 GC) provides in part as follows:—

"No suit shall be brought against an executor or administrator by a creditor of the decedent or by any other party interested in the estate, until after nine months from the time of the appointment of such executor or administrator or the expiration of the further time allowed by the probate court for the collection of the assets of the estate, except in the following cases:—

"(A) On claims rejected in whole or in part?

There are other exceptions but they do not apply to this case.

The plaintiffs suit was, therefore, specifically prohibited by a valid statute.

This Court is of the opinion that under the law the plaintiffs had two years from May 28, 1953, to bring their suit against Robert L. Fullum or to present their claim to his administrator. Either of these actions would have stopped the running of the statute and would have been in compliance therewith.

Had the plaintiffs presented their claim to the administrator within the two year period of limitation as provided by §2305.10 R. C., and also within four months of the appointment · of said administrator they would have done everything that it was possible for them to do. Had the administrator then allowed the claim the matter would have been settled.

Until they had presented the claim to the administrator the plaintiffs by virtue of §2117.30 R. C. had no right to bring a suit against the administrator. Once they had presented their claim to the administrator there was nothing further they could do until the administrator acted.

Counsel for plaintiffs has gone to considerable length in his briefs to show how much time an administrator could take in acting upon a claim presented to him. Surely it is against the policy of the law to permit a person to be penalized by the actions of another person over whom he has no control. For this reason it seems to the Court that when a creditor presents his claim to the administrator within the period of the statute of limitations such presentation of the claim should stop the running of the statute.

If the administrator rejects the claim he starts in motion a new statute of limitations, to-wit, §2117.12 R. C., which provides in part that,—

"When a claim against an estate has been rejected in whole or in part but not referred to referees, or when a claim has been allowed in whole or in part and thereafter rejected, the claimant must commence an action on the claim, or that part thereof rejected, within two months after such rejection, if the debt or that part thereof rejected is then due, or within two months after the same becomes due, or be forever barred from maintaining an action thereon."

Plaintiffs' counsel contends that by filing suit and serving summons upon the administrator the claim was presented to the administrator. Counsel has cited no authority to sustain his contention.

The purpose of presenting a claim to an executor or administrator is to allow the executor or administrator the opportunity to examine the claim and then to allow or reject it. Service of summons gives him no such opportunity.

The suit being filed and the petition on its face showing that the claim was not presented to the administrator said petition showed that the suit was brought in violation of §2117.30 R. C., and the defendant properly demurred thereto. **Beach v. Mizner, 131 Oh St 481.** Since the claim was not presented to the administrator until after the two year statute of limitations had run the supplemental petitions are also demurrable.

For the reasons stated the Court is of the opinion that the docket entry of December 23, 1955, overruling defendant's demurrers should be set aside and that said demurrers should be sustained.

A journal entry in accordance with this opinion should be furnished by defendant's counsel.

The opinion in this case as published in the Ohio Bar of May 7, 1956, and as 72 Law Abstract 350, is hereby declared to be in error and should be held for naught.