SUSIE BRUCE, a minor, by DONALD BRUCE, her father and next friend, appellee, v. ADRIAN WOOKEY, administrator of estate of Kenneth Wookey, deceased, appellant.

No. 52624.

(Reported in 154 N.W.2d 93)

NOVEMBER 14, 1967.

Roy W. Meadows of Whitfield, Musgrave, Selvy, Kelly & Eddy, of Des Moines, for appellant.

Edgar E. Cook, of Glenwood, and Edward E. Eaton of Eaton & Eaton, of Sidney, for appellee.

STUART, J.—The question presented on this appeal is the interpretation of section 633.442 of the Iowa Probate Code. It is a case of first impression.

Kenneth Wookey was killed in an automobile April 10, 1965, in which Susie Bruce was permanently injured. On November 4, 1965, plaintiff, as her next friend, filed a claim in Wookey's estate for the injuries she sustained in the accident.

On January 7, 1966, the administrator mailed plaintiff the following Notice of Disallowance of Claim, which complied with the terms of section 633.440.

"You are hereby advised that the claim which you made in the above entitled estate in the amount of Ten Thousand and No/100 — ($10,000.00) and filed the 4th day of November, 1965, has been disallowed by the fiduciary(ies) herein. You are further notified that said claim will be forever barred unless within twenty days after the date of mailing this notice

you file a request for hearing on the claim with the Clerk of the above entitled court and mail a copy of such request for hearing to the undersigned by certified mail."

Return receipts show plaintiff received such notice either on January 8 or 10. (There were four claims filed by the Bruce family.)

Section 633.442 provides: "Claims barred after twenty days. Unless the claimant shall within twenty days after the date of mailing said notice of disallowance, file a request for hearing with the clerk, and mail a copy thereof to the personal representative, the claim shall be deemed disallowed, and shall be forever barred."

Counsel for plaintiff, other than those now representing him on this appeal, ignored the notice. Request for Hearing upon Claim was filed by present counsel March 16, 1966, sixty-eight days after the notice was mailed.

On March 24, 1966, the administrator filed a Motion to Dismiss the claim on the ground that it was barred by section 633.442. The next day plaintiff filed a Motion to Set Aside Default and for Reinstatement of the Claim setting out equitable reasons why the claim should be reinstated and claiming section 633.442 is intended as a procedural statute rather than a statute of limitations. No default had been entered.

Upon hearing, the trial court held the claim was not barred because the statute was procedural and overruled the motion to dismiss. The administrator was granted an interlocutory appeal from this ruling.

I. "In construing statutes the courts search for the legislative intent as shown by what the legislature said, rather than what it should or might have said." Rule 344(f)(13), Rules of Civil Procedure. In seeking the meaning of a law the entire act should be considered. Each section must be construed with the act as a whole and all parts of the act considered, compared and construed together. Manilla Community School District v. Halverson, 251 Iowa 496, 101 N.W.2d 705. The language of section 633.442 is clear and unequivocal. It is not ambiguous unless it becomes so when it is considered in connection with the other provisions of the Iowa Probate Code. We find nothing therein which makes it ambiguous.

Plaintiff states historically the legislature has zealously protected the rights of claimants whose claims were not filed for equitable reasons. He points to Iowa Code section 11972-(1939), section 635.68(1962), and section 633.410(1966), all of which limit the time for filing claims and provide for equitable relief if not filed on time because of peculiar circumstances. Although it seems incongruous to permit an equitable showing on a six-month limitation and deny it on a 20-day limitation, these sections demonstrate the legislature knew how to provide for equitable relief from the running of the limitation, if they wished it to be available to claimants.

Plaintiff claims the default procedure, rules 230–236, R.C.P., should be applied to his failure to timely file a request for hearing as required by 633.442 of the Iowa Probate Code. Thus claimant would be protected if he requested hearing after the 20-day period following disallowance but before the personal representative moved to enforce the limitation. However, section 633.442 is the result of five years study by highly competent members of the legal profession. The statute is simple and was not subject to misunderstanding by the legislature. They could have used language making the default procedure applicable to claimant's failure to timely request the hearing if they had so desired. Instead they used words which clearly bar the claim.

Several foreign jurisdictions have statutes similar to section 633.442. The foreign nonclaim statutes examined seem bound by a thread of uniformity both as to word and effect. Although the time for taking action following rejection of a claim varies from six months, Maryland Ann. Code, Art. 93, section 120, to 30 days Washington Rev. Code Ann., section 11.40.060, most of the statutes examined indicate that in the absence of action within the stated period, the claim shall be "forever barred". Arizona Rev. Stat. Ann., section 14-579; D.C. Code Ann., section 20-1318 (1967); Maryland Ann. Code, Art. 93, section 120; Ohio Rev. Code Ann., section 2117.12 (Baldwin 1964); Oklahoma Stat. Ann., Title 58, section 339; Utah Code Ann., section 75-9-9 (1953); Washington Rev. Code Ann., section 11.40.060.

Plaintiff, in attempting to distinguish authorities cited by defendant, states the Supreme Court of Washington waived the 30-day period provided by the Washington nonclaim statute because of claimant's intervening death in White v. Coleman, 146 Wash. 148, 153, 262 P. 232 (1927). We do not so read the opinion. The 30-day period was not waived but was held to bar the claim. Claimant there relied on a long-standing statute of limitation extending the statute of limitations one year when either the claimant or obligor died. The court at page 234 of the opinion said: "* * * so far as that section had any force as a statute of limitation upon an action by any claimant against an executor or administrator upon a rejected claim, it has manifestly been superseded by the later probate limitation here in question." White v. Coleman, supra.

Plaintiff also states that Ohio has a "savings clause" applicable to the running of the Ohio two-month nonclaim statute, citing Parrish v. McKee, 73 Ohio Law Abs. 65, 135 N.E.2d 486 (1956). In the Parrish case, the "savings clause" in no way relates to the Ohio two-month nonclaim statute but relates to the tolling of the two-year statute of limitations on tort actions where the defendant has fled the jurisdiction to avoid service of process.

In construing a similar statute in Connecticut, one court said: "Our Statute of Nonclaim, as it is commonly called, provides that the Probate Court shall limit the time for creditors to present their claims against a solvent estate and debars a creditor of his claim if he does not present it within the time so limited. General Statutes §45-205. A creditor whose claim has been presented and disallowed by the executor or administrator has four months from the date of disallowance in which to commence suit on his claim. General Statutes §45-210. This statute supersedes and supplants the ordinary Statute of Limitations." Cassone v. Coyne, 3 Conn. Cir. 495, 497, 217 A.2d 727 (1965).

Although all of the aforementioned statutes require the claimant to commence an action within a certain period of time following disallowance by the personal representative, they are fully analogous to section 633.442 which requires that claimant file a request for hearing within 20 days after the

date of mailing said notice of disallowance. The personal representative is then required to move or plead to said claim in the same manner as though the claim were a petition filed in an ordinary action within 20 days from the filing of the request for hearing. Section 633.444.

■ There are many sound arguments against such a harsh provision as contained in 633.442 of the Iowa Probate Code. Were we writing the statute, we would be inclined to subject the failure to file the request for hearing to the default procedures. However, to hold the default procedure applies to this statute, requires us to ignore our primary rule of statutory construction, R.C.P. 344(f)(13), and engage in the most liberal form of judicial legislation. We therefore are compelled to hold failure to comply with section 633.442 bars plaintiff's claim.

■■ II. Plaintiff contends it is a violation of the Equal Protection Clauses of Amendment 5 to the United States Constitution and section 6, Article I of the Iowa Constitution, to construe 633.442 as a 20-day statute of limitation. This argument is without merit. In the instant case, plaintiff elected to file his claim in the estate rather than to commence a separate action. He became bound by the rules of procedure he elected. Prior to filing claim against decedent's estate under 633.410, plaintiff could have commenced an action against the estate by serving an original notice on the personal representative as provided by section 633.415. By commencing a lawsuit, the Rules of Civil Procedure would have controlled the action. However, by choosing to file a claim against the estate under 633.410, the claimant bound himself to follow the provisions of 633.442 after the mailing of notification of disallowance and file a request for hearing within the 20-day period or "be forever barred". It is conclusively stated in 633.444 that the Rules of Civil Procedure shall apply *after* the personal representative has responded to the request for hearing on a claim.

The chairman of the bar association committee which drafted the Iowa Probate Code stated:

"Unless the claimant, within twenty days after the date of mailing such notice of disallowance, files a request for hear-

ing with the clerk, the claim shall be barred. The term 're- quest for hearing' is a new concept in the Iowa practice and was adopted by the committee to distinguish it from any con- cept of an original notice, because, unlike an ordinary action, the personal representative is an officer of the court and is already subject to the jurisdiction of the court. The claimant, by virtue of filing his claim in the probate proceedings, sub- jects himself to the jurisdiction of the court. Since the claim can initially be filed in an informal manner and considered as denied by operation of law, the 'request for hearing' was adopted as the mechanism to 'trigger' the applicability of the Rules of Civil Procedure." 49 Iowa Law Review 638, 671 (1964).

It cannot be said there is an unreasonable classification inherent in this court's construction of 633.442. The claimant selected one of two available alternative procedures.

III. Claimant pleads the trial court is entitled to affirmance on the basis of its equitable powers to relieve un- conscionable hardship—there being no prejudice to the adverse party. This is an action at law, not equity. The legislature has clearly and unequivocally stated the effect of failure to request a hearing on time. The forum for correcting this claimed inequity is the legislature and not the courts.— Reversed.

All JUSTICES concur except BECKER, J., who dissents.