Mary WOLDER, Appellant,

v.

Clare J. RAHM, as Administrator of the Estate of Herbert C. Merillat, Appellee.

No. 76–1384.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1976.

Decided Feb. 9, 1977.

W. Lawrence Oliver, Des Moines, Iowa, on brief, for appellant.

Paul Moser, Jr., Des Moines, Iowa, and Don C. Day, Minneapolis, Minn., on briefs, for appellee.

Before LAY, ROSS and WEBSTER, Circuit Judges.

LAY, Circuit Judge.

Plaintiff, Mary Wolder, brought this action under 42 U.S.C. §§ 1983 and 1985 against the administrator of the estate of Herbert C. Merillat. She claimed that the decedent, a private physician, together with persons unknown and acting under color of state law, subjected her, "solely because of her race," to repeated injections of narcotic

drugs resulting in her addiction.[1] The district court granted the defendant's motion for summary judgment on the ground that plaintiff's claim was barred under Iowa Code § 633.442. Plaintiff appealed. We affirm, although for a different reason than discussed by the district court.

■ Under Iowa law a claimant has two options in filing a suit against a decedent's estate: filing a claim against the estate,[2] or "in lieu of filing a claim" commencing a separate suit directly against the decedent's representative.[3] Under *Bruce v. Wookey,* 261 Iowa 231, 154 N.W.2d 93 (1967), the election of procedures is binding. The choice is critical because a claimant who fails to request a hearing within 20 days of the mailing of the disallowance notice is "forever barred" under § 633.442,[4] despite the fact that the time for filing a separate action has not expired.

Mary Wolder filed a negligence claim against the estate rather than commencing a separate action. However, when her claim was disallowed she filed a negligence action against the estate in state court in lieu of requesting a hearing. The state court dismissed the case as being barred under § 633.442. Plaintiff has appealed this dismissal to the Supreme Court of Iowa.[5] Plaintiff subsequently commenced this civil rights action. The federal district court, relying on *Bruce v. Wookey, supra,* ruled that plaintiff's civil rights action was similarly barred under § 633.442, because she was bound by her decision to file a claim in probate court instead of proceeding directly against the decedent's representative in federal court.

■ We disagree with the district court that plaintiff's federal claims are barred under § 633.442. The district court's ruling that the plaintiff made a binding election when she failed to pursue her state remedies runs contrary to the doctrine that exhaustion of state remedies is not a prerequisite to relief under §§ 1983 and 1985. See *Preiser v. Rodriquez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Keckeisen v. Independent Sch. Dist. 612,* 509 F.2d 1062 (8th Cir. 1975); and *Stradley v. Andersen,* 456 F.2d 1063 (8th Cir. 1972). Furthermore, plaintiff's claim against the defendant in state court is not based on an allegation of "state action" and asserts no constitutional claim as is alleged in her civil rights action. Nonetheless, we affirm the dismissal of plaintiff's complaint because she failed to bring her federal claims within the time set by the Iowa law governing the commencement of a suit

1. As the district court pointed out, there exists substantial doubt whether the plaintiff has properly stated a factual claim under § 1983. *Cf. Wilson v. Lincoln Redevelopment Corp.,* 488 F.2d 339 (8th Cir. 1973). In view of our holding we need not reach this issue.

2. Iowa Code § 633.410 provides:
All claims against a decedent's estate, other than costs of administration, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, and the distributees of the estate, unless filed with the clerk within six months after the date of the second publication of the notice to creditors; provided, however, that the personal representative may waive such limitation on filing; and this provision shall not bar claimants entitled to equitable relief due to peculiar circumstances.

3. Iowa Code § 633.415, in part, provides:
.    .    .    .    .

A separate action based on a debt or other liability of the decedent may be commenced against the personal representative of the decedent in lieu of filing a claim in the estate. Such an action shall be commenced by serving an original notice on the personal representative and filing a duplicate of the proof of service of notice of such proceeding in the probate proceedings within the time provided for filing claims in section 633.410, and such action shall also be considered a claim filed against the estate.    .    .    .

4. Iowa Code § 633.442 provides:
Unless the claimant shall within twenty days after the date of mailing said notice of disallowance, file a request for hearing with the clerk, and mail a copy thereof to the personal representative, the claim shall be deemed disallowed, and shall be forever barred.

5. At the time this appeal was submitted to this court the state case was still pending before the Supreme Court of Iowa.

against a decedent's representative. Under §§ 633.410 and 633.415 the suit must be commenced within six months of the second publication of notice to creditors. The second notice to creditors of the opening of decedent's estate was published in the Des Moines Daily Record on May 29, 1974. Thus plaintiff's civil rights complaint filed December 16, 1974, is barred because the six-month period expired in November 1974.

The judgment of dismissal is affirmed.