# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-1790
Filed April 15, 2026

———————————

**In the Matter of the Estate of Dorothy L. Bastian**

**Leddy J. Bastian Jr.,**
Plaintiff-Appellant,

v.

**Patricia A. Schilling,**
Defendant-Appellee.

———————————

Appeal from the Iowa District Court for Dubuque County,
The Honorable Michael J. Shubatt, Judge.

———————————

**AFFIRMED**

———————————

Bradley T. Boffeli of Boffeli & Spannagel, P.C., Dubuque, attorney for
appellant.

McKenzie R. Blau of O'Connor & Thomas, P.C., Dubuque, attorney for
appellee.

———————————

Considered without oral argument
by Tabor, C.J., Badding, J., and Mullins, S.J.
Opinion by Tabor, C.J.

1

**TABOR, Chief Judge.**

"I leave all of my jewelry to my daughter, Patricia A. Schilling, if she survives." Dorothy Bastian made that statement in a 2017 memorandum directing the executor of her estate to distribute the jewelry. When Dorothy died in 2022, at age ninety-six, she was survived by her daughter Patricia, as well as her son Leddy Bastian. Dorothy's will stated that she "may leave written memoranda disposing of certain other items of [her] tangible personal property" as provided in Iowa Code section 633.276 (2017).

In this appeal, Leddy and Patricia disagree whether that statute requires the memorandum to be filed with the probate court. Because the plain language of section 633.276 does not mandate filing, we affirm the district court's ruling.

## I. Facts and Prior Proceedings

Dorothy executed her last will in October 2017. In the article of the will disposing of her personal property, she mentions Iowa Code section 633.276:

> SECTION 1: I may leave written memoranda disposing of certain other items of my tangible personal property, pursuant to the provisions of § 633.276 of the Code of Iowa (2017). Any such items of tangible personal property shall pass according to the terms of such memoranda in existence at the time of my death. If no such written memoranda is found or identified by my executor within sixty (60) days after my executor's qualification, it shall be conclusively presumed that there is no such memoranda and any subsequent discovered memoranda shall be ineffective.

The district court admitted the will into probate in November 2023. The will appointed Patricia as executor of Dorothy's estate, with Leddy as an

2

alternative. But the court found appointing either as executor would place them in a conflicted position, so the court appointed a special administrator.[1]

As it turns out, Dorothy had signed a memorandum entitled "Directions to Executor." This memorandum directed the executor to distribute her jewelry to Patricia. In November 2023, Patricia's counsel emailed a copy of that memorandum to the special administrator and Leddy's counsel. But during trust proceedings, Leddy asked Patricia to turn over Dorothy's jewelry to the special administrator. At a hearing in July 2024, Leddy argued the memorandum was "inoperative" because Dorothy had not filed it with the probate court. In response, Patricia filed the memorandum in her mother's probate case.

After Patricia's response, Leddy again asked the court to find the memorandum was invalid because it was filed separately from the will. He interpreted section 633.276 to require that the memorandum be filed *with* the will. In the alternative, Leddy argued that Patricia should have challenged the will or claimed the jewelry within the four-month statutory filing period. *See* Iowa Code §§ 633.309, .410. Patricia offered a different reading of section 633.276—emphasizing that it contained no filing requirements. She also argued that as a beneficiary, she did not need to file a claim for property in the estate.

The district court denied Leddy's motion, finding "no legal basis to conclude that Patricia's filing of the addendum was 'untimely' nor any other basis to conclude that it is 'inoperative.'" Leddy moved to reconsider, asking

---

[1] By this time, Leddy had brought various claims against Patricia, including undue influence and tortious interference with a bequest. Later, in Patricia's answer, she brought a counterclaim for abuse of process.

the court to rule on his statutory interpretation argument.[2] The court enlarged its ruling to address this argument, finding:

> [T]he Court does not have to resort to interpretation of § 633.276 because the statute is not ambiguous. It does not require that the written statement of bequest be filed with the Court. Had the legislature wanted it to be a requirement, it could easily have included language to that effect.

This appeal followed.

## II. Analysis

We review cases tried in equity de novo, but where—as here—the appeal turns on statutory interpretation, we review for correction of errors at law. *See In re Est. of Myers*, 825 N.W.2d 1, 3–4 (Iowa 2012).

Leddy contests the gift of jewelry to his sister. To that end, he urges us to declare that his mother's "extrinsic writing" has no force or effect because section 633.276 requires that written memoranda be filed in probate court along with the will. He also contends that Patricia's filing of the written memorandum was untimely. We take each claim in turn.

To address his first claim, we parse the probate provision entitled "Separate identification of bequest."[3] That provision begins, "A will may refer to a written statement, letter, or list to dispose of items of tangible

---

[2] His motion to reconsider encompassed three issues; the other two issues, not before us on appeal, involved abuse of process and attorney-client privilege.

[3] As Professor Sheldon Kurtz comments, some testators change their minds regarding the disposition of household goods and other tangible personal property. 1 Sheldon F. Kurtz, *Kurtz on Iowa Estates: Intestacy, Wills, and Estate Administration* § 4.11, at 149 (3d ed. 1995) [*Kurtz on Iowa Estates*]. This statute permits a testator to make those changes, avoiding the formalities that accompany creating a new will or executing a codicil. *Id.* at 149–50.

personal property not otherwise specifically disposed of by the will, except tangible personal property used in trade or business." Iowa Code § 633.276. It then defines "tangible personal property" as including "household goods, furnishings, furniture, personal effects, clothing, jewelry, books, works of art, ornaments, and automobiles." *Id.* Section 633.276 next directs the estate's personal representative to distribute the described items if (1) the writing is dated and in the testator's handwriting or is signed by the testator and (2) the items and distributees are described with reasonable certainty.[4]

That section further instructs that "[t]he writing may be referred to as one to be in existence at the time of the testator's death." *Id.* And "[t]he writing may be prepared before or after the execution of the will." *Id.* It also "may be altered, added to, or changed in any respect by the testator after its preparation, and it may be a writing which has no significance apart from its effect upon the dispositions made by the will." *Id.* Finally, the provision equates the separate writing with distribution through the will: "Property passing by the writing shall be considered as property passing as a specific bequest under will." *Id.*

Notably absent from section 633.276 is any requirement that separate writings be filed with the probate court. Both Leddy and Patricia acknowledge the statute is silent on filing requirements. But the parties disagree on what this silence means.

To support his challenge, Leddy invokes statutory interpretation principles. He contends the probate court's reading is "unreasonable" when

---

[4] Our supreme court found by "enacting Iowa Code section 633.276, the legislature recognized a less formal method of disposition, but only with regard to tangible personal property." *In re Est. of Mettel*, 566 N.W.2d 863, 866 (Iowa 1997).

considering section 633.276 "in conjunction with the whole probate code." He offers two points. First, without filing the separate bequest in probate, there is "no record of the full extent of the terms of the testator's will" available to the public and interested parties. Second, it is consistent with Iowa Probate Code to read the term "will" in Iowa Code section 633.285—which mandates delivery of the will to the court following the testator's death—as including the separate writing under section 633.276. And so, he concludes, the memorandum must be filed with the will.

By contrast, Patricia shuns statutory construction. In her view, the statute's "silence is dispositive." She instructs: "Section 633.276's meaning is plain: a writing satisfying the four enumerated requirements triggers a mandatory distribution obligation. Nothing more is required."

To settle this debate, we step through how to discern the meaning of a disputed statute. Our goal is to give effect to the legislative intent. *In re Tr. No. T-1 of Trimble*, 826 N.W.2d 474, 483 (Iowa 2013). And we "search for the legislative intent as shown by what the legislature said, rather than what it should or might have said." *Bruce v. Wookey*, 154 N.W.2d 93, 94 (Iowa 1967) (citation omitted).

It's true, as Leddy asserts, that in seeking the meaning of section 633.276, we must consider the entire probate act. *See id.* "Each section must be construed with the act as a whole and all parts of the act considered, compared and construed together." *Id.* If the language of the statute is clear and unequivocal, "[i]t is not ambiguous unless it becomes so when it is considered in connection with the other provisions of the Iowa Probate Code." *Id.* at 95. But nothing in the plain language of section 633.276—nor in our comparison of the provision to the rest of the probate code—makes this statute ambiguous.

A statute is ambiguous if it is susceptible to more than one reasonable interpretation. *Story Cnty. Wind, LLC v. Story Cnty. Bd. of Rev.*, 990 N.W.2d 282, 287 (Iowa 2023). No such susceptibility exists here. Indeed, Leddy does not point to ambiguous words or phrases in section 633.276. Instead, he highlights the curious absence of any language requiring the extrinsic writing to be filed in probate court. To support his argument, he cites Professor Kurtz's commentary:

> Since property passing under a memorandum is deemed to pass as a specific bequest, it would seem that the memorandum or other writing would have to be filed with the will in the probate records in order for the records to reflect who were the beneficiaries of the estate entitled to notice of probate and the notice otherwise required in the proceeding to settle the final report of the personal representative. However, the statute does not expressly require that the memorandum be filed with the court.

*Kurtz on Iowa Estates* § 4.11, at 150.

But as Patricia observes, Professor Kurtz is more concerned about notice than legal validity, and "notice can be provided in ways other than court filing—as it was here, through disclosure to the personal representative and interested parties."

And regardless of notice concerns, the legislature did not mention filing in this statute. "A statute's silence about a topic doesn't necessarily create ambiguity about the statute's treatment of that topic. Rather, a statute's silence on a topic often means that the unmentioned topic is simply not covered by the statute." *Story Cnty. Wind, LLC*, 990 N.W.2d at 287.

In the end, we find no error in the district court's ruling. The statute's silence on filing is telling—given that it addresses other procedural aspects in detail, including timing provisions that allow the writing to "be prepared before or after the execution of the will" and to "be altered, added to, or

7

changed in any respect by the testator after its preparation." *See* Iowa Code § 633.276. This comprehensive treatment of other procedural matters, combined with the absence of a filing requirement, signals that the Iowa legislature did not intend to invalidate a separate writing that was not filed with the will.

And it is not our role to read in a filing requirement. *See In re Est. of Janssen*, 7 N.W.3d 516, 524 (Iowa 2023) (noting courts cannot add language into statutes). If the legislature had wanted to require that written memoranda be filed in the probate court, it would have included words to that effect in section 633.276. Because the statute is unambiguous, we decline to engage in statutory construction. *See id.* (finding plain language dispositive despite parties' disagreement on meaning of statute's silence on a topic).

This brings us to Leddy's alternative argument. He contends that if the addendum was valid without being filed with the will, Patricia had two options to ensure the writing is recognized: (1) petition under section 633.308 to set aside or contest the will, or (2) file a claim in the estate under section 633.410.

But Leddy's argument overlooks this statutory language: "Property passing by the writing shall be considered as property passing as a specific bequest under will." *See* Iowa Code § 633.276. That sentence eliminates any need for Patricia to contest the will or file a claim to receive the jewelry. The probate code provides separate guidance for claims against an estate than it does for specific devises. *Compare id.* § 633.355, *with id.* §§ 633.410–.468. Beyond that, the "[i]nterests of beneficiaries vest upon the death of [a] decedent." *Palmer v. Evans*, 124 N.W.2d 856, 862 (Iowa 1963). Because claims are distinct from specific devises and Patricia's interest automatically vested upon Dorothy's death, Patricia need not file a claim.

Finding the statute is unambiguous and rejecting Leddy's arguments, we affirm the district court's ruling.

**AFFIRMED.**